David Lopez, Esq. (DL-6779)
Attorney For Plaintiff
171 Edge Of Woods Road
P.O. Box 323
Southampton, New York
Tel: (631) 287-5520
Fax: (631) 283-4735
e-Mail: DavidLopezEsq@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**DEBORAH DONOGHUE,**

    **Plaintiff,**

  - against -                                          COMPLAINT

**LOCAL.COM CORPORATION and**          07 Civil 8550 (LS)
**HEARST COMMUNICATIONS, INC.**

    **Defendants.**
_____/

    **DEBORAH DONOGHUE,** by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief except as to paragraph 2 which plaintiff alleges on personal knowledge:

**JURISDICTION:**

    1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is

conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**VENUE AND THE PARTIES:**

2.   Plaintiff is a security owner of LOCAL.COM CORPORATION, a Delaware corporation whose principal offices are located at 1 Technology Drive, Building G, Irvine, California 92618.

3.   This action is brought in the right and for the benefit of LOCAL.COM CORPORATION which is named as a party defendant solely in order to have all necessary parties before the court.

4.   At all times relevant hereto the common stock of LOCAL.COM CORPORATION was registered under Section 12(g) of the Act and traded on the NASDAQ National Market System through market makers located within this district.

5.   Many of the transactions to be described herein were effect within the district.

6.   At all times relevant to liability hereunder HEARST COMMUNICATIONS INC. was an insider of LOCAL.COM CORPORATION, to wit: a beneficial owner of more-than-10% of the common stock of LOCAL.COM CORPORATION.

7. HEARST COMMUNICATIONS INC. has a principal office at 300 West 57th Street, New York, New York 10019 and does business and is found within the district.

**STATUTORY REQUISITES:**

8. The violations to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of Section 16(b) of the Act and of the rules and regulations promulgated thereunder.

9. Demand for prosecution was made on LOCAL.COM CORPORATION on August 2, 2007, which demand was received by LOCAL.COM CORPORATION by facsimile transmission at approximately 11:24 A.M. Pacific time. The demand was repeated by first class mail posted the same day. Timely receipt was confirmed through a telephone call to plaintiff's counsel placed by Douglas Norman, Chief Financial Officer of LOCAL.COM CORPORATION, on August 2, 2007, at approximately 5:15 P.M. Eastern time.

10. LOCAL.COM CORPORATION has not collected the short-swing profits due to it. More than 60 days have expired since demand was made. Further delay in the filing of suit would be a futile gesture and is not required by the statute.

11. This action is brought within two years of the occurrence of the transactions described below or within two years of the date of the filing of reports by HEARST COMMUNICATIONS INC. with the Commission as required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of.

**<u>FIRST CLAIM FOR RELIEF</u>:**

12. At all times relevant hereto preceding July 31, 2007, HEARST COMMUNICATIONS, INC. was the owner of a Series A Warrant of LOCAL.COM CORPORATION under whose terms 597,015 shares of LOCAL.COM CORPORATION common stock were issuable upon exercise at a price of $4.82 per share; and HEARST COMMUNICATIONS INC. was the owner of a Series B Warrant of LOCAL.COM CORPORATION under whose terms 597,015 shares of LOCAL.COM common stock were issuable upon exercise at a price of $5.63 per share.

13. On July 31, 2007, as a result of arms-length negotiations between LOCAL.COM CORPORATION and HEARST COMMUNICATIONS INC. the exercise price of the Series A Warrant was reduced to $4.32 per share and the exercise price of the Series B Warrant was reduced to $5.13 per share.

14. Such discretionary reductions in the exercise prices of the Series A Warrant and of the Series B Warrant

were material changes in the terms of those warrants resulting in a deemed cancellation of the pre-existing warrants and a re-grant of new warrants.

15. The effect of such deemed re-granting is the deemed purchase on July 3 1, 2007, by HEARST COMMUNICATIONS INC. of all shares underlying the warrants, an aggregate of 1,194,030 shares.

16. HEARST COMMUNICATIONS INC. sold 746,269 shares of the common stock of LOCAL.COM CORPORATION on July 10, 2007; an additional 250,000 shares on July 12, 2007; an additional 87,500 shares on July 17, 2007; an additional 76,846 shares on July 24, 2007; and an additional 29,835 shares on July 25, 2007.

17. All such sales were on the open market, at higher prices than the deemed purchase price for shares underlying the re-granted Series A and Series B warrants and within six months of the purchases deemed to have been made upon the re-grants.

18. A detailed enumeration of the aforesaid sales appears at Exhibit A to this complaint and is incorporated herein by reference.

19. By reason of the foregoing sales and purchases or purchases and sales of shares beneficially owned by it within periods of less than six months while it was a more-

than-10% beneficial owner of LOCAL.COM CORPORATION, HEARST COMMUNCICATIONS realized profits. The exact amounts are unknown to plaintiff pending an accounting but they are estimated to exceed $2,500,000.00. Those profits inure to the benefit, and are recoverable by plaintiff on behalf, of LOCAL.COM CORPORATION.

**SECOND CLAIM FOR RELIEF:**

20.    HEARST COMMUNICATIONS INC., during periods not barred by the statute of limitations preceding the date of the filing of the complaint in this suit, purchased and sold or sold and purchased equity securities or share equivalents of LOCAL.COM CORPORATION within periods of less than six months while an insider of LOCAL.COM CORPORATION.

21.    By reason of such purchases and sales or sales and purchases within periods of less than six months while an insider of LOCAL.COM CORPORATION, HEARST COMMUNICATIONS INC. realized profits, the exact amounts thereof being unknown to plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of LOCAL.COM CORPORATION.

WHEREFORE, plaintiff demands judgment:

a)    Requiring HEARST COMMUNICATIONS INC. to account for and to pay over to LOCAL.COM CORPORATION the short-

swing profits realized and retained by it in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit.

    b)  Awarding to plaintiff his costs and disbursements, including reasonable attorneys' fees; and

    c)  Granting to plaintiff such other and further relief as the court may deem just and proper.

Dated:  Southampton, New York
       October 2, 2007

                      Yours, etc.

                      /s/David Lopez_____
                      David Lopez, Esq.
                      DL-6779
                      Plaintiff's Attorney