UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEBORAH DONOGHUE,

        Plaintiff,

- against -

LOCAL.COM CORPORATION and
HEARST COMMUNICATIONS, INC.,

        Defendants.

------------------------------------------------------------x

HEARST COMMUNICATIONS, INC.

        Cross-claimant,

- against -

LOCAL.COM,

        Cross-defendant.

------------------------------------------------------------x

07 CIV. 8550 (L.S.)

**ANSWER AND
CROSS-CLAIMS OF
HEARST COMMUNICATIONS, INC**

        Defendant Hearst Communications, Inc. ("Hearst Communications"), by its attorneys, Greenberg Traurig, LLP, for its answer to the First Amended Complaint (the "FAC") states:

        1.    Paragraph 1 of the FAC sets forth a legal conclusion to which no responsive pleading is required. To the extent paragraph 1 is deemed an allegation of fact, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the FAC.

        2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the FAC, except admits that Local.com Corporation

("Local.Com"), is a Delaware corporation whose principal offices are located at 1 Technology Drive, Building G, Irvine, California 92618.

3. Paragraph 3 of the FAC sets forth a legal conclusion to which no responsive pleading is required. To the extent paragraph 3 is deemed an allegation of fact, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the FAC.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the FAC.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the FAC.

6. Paragraph 6 of the FAC sets forth a legal conclusion to which no responsive pleading is required. To the extent paragraph 6 is deemed an allegation of fact, denies the allegations of paragraph 6 of the FAC, and refers Plaintiff and the Court to the Form 10-Q filed by Local.com with the Securities & Exchange Commission on August 7, 2007, for the number of outstanding shares of Local.com on August 1, 2007, a true and correct copy of which is attached hereto as Exhibit A, and is incorporated by reference.

7. Admits the allegations of paragraph 7 of the FAC.

8. Denies the allegations of paragraph 8 of the FAC.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the FAC, except admits that a demand for prosecution was received by Local.com sometime in the first week of August 2007.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the FAC, except admits that more than 60 days have expired from Local.com's receipt of a demand for prosecution in August 2007 and the filing of the FAC.

11. Admits the allegations of paragraph 11 of the FAC.

12. Admits the allegations of paragraph 12 of the FAC.

13. Denies the allegations of paragraph 13 of the FAC, except admits that the Consent was executed by Local.com and Hearst Communications, a true and correct copy of which is attached hereto as Exhibit B, and is incorporated by reference.

14. Paragraph 14 sets forth a legal conclusion to which no responsive pleading required. To the extent that paragraph 14 of the FAC is deemed an allegation of fact, denies the allegations of Paragraph 14 except admits that a Form 8-K was submitted by Local.com to the Securities & Exchange Commission on August 1, 2007, a true and correct copy of which is attached hereto as Exhibit C, and is incorporated by reference.

15. Paragraph 15 of the FAC sets forth a legal conclusion to which no responsive pleading is required. To the extent paragraph 15 is deemed an allegation of fact, denies the allegations of paragraph 15 of the FAC.

16. Paragraph 16 of the FAC sets forth a legal conclusion to which no responsive pleading is required. To the extent paragraph 16 is deemed an allegation of fact, denies the allegations of paragraph 16 of the FAC except admits that on August 1, 2007 Hearst Communications held warrants for 1,194,030 shares of Local.com stock, in addition to 302,087 outstanding common shares of Local.com.

17. Admits the allegations of paragraph 17 of the FAC.

18. Denies the allegations of paragraph 18 of the FAC, excepts admits that all such sales were on the open market, at higher prices than the reduced, pursuant to the Consent between Hearst Communications and Local.com, exercise price for shares underlying the Series A and Series B Warrants.

19. Denies the allegations of paragraph 19 of the FAC, except admits that Exhibit A to the FAC represents sales of shares of common stock of Local.com by Hearst Communications.

20. Denies the allegations of paragraph 20 of the FAC.

20. Denies the allegations of paragraph 20 of the FAC.[1]

21. Denies the allegations of paragraph 21 of the FAC.

22. Hearst Communications denies any factual allegation contained in any paragraph of the FAC except as expressly admitted above.

23. Hearst Communications denies that plaintiff is entitled to any of the relief sought in the prayer for relief on page 7 of the FAC.

### FIRST AFFIRMATIVE DEFENSE

24. The FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing.

### THIRD AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

---

[1] The FAC contains two paragraphs numbered "20." Hearst Communications denies the allegations of both of those paragraphs.

4

### FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims must be dismissed, in whole or in part, because plaintiff failed to allege conditions precedent to her claims and failed to comply with conditions precedent to her claims.

### SIXTH AFFIRMATIVE DEFENSE

29. The transactions by Hearst Communications alleged in the FAC are "unorthodox" or "borderline" transactions that are outside the ambit of Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. Section 78p(b) as they were not based on, nor is there any likelihood that they were based on, any inside information known to Hearst Communications, nor were the transactions the result of any influence or control by Hearst Communications over corporate decision making of Local.com, and the transactions did not pose any possibility of speculative abuse on the part of Hearst Communications.

### SEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff's monetary recovery, if any, must be reduced by the valuable benefits conferred by Hearst Communications on Local.com through transactions alleged in the FAC, and any costs to Hearst Communications incurred as a result of those transactions.

### CROSS-CLAIMS

Cross-claimant-plaintiff Hearst Communications, by its attorneys, Greenberg Traurig, LLP, as and for its cross-claims against cross-claim-defendant Local.com, alleges:

1. Hearst Communications and Local.com entered into a Purchase Agreement dated February 22, 2007 and an Amendment No. 1 to Purchase Agreement dated March 29, 2007

(together, the "Agreement"), by which Hearst Communications purchased notes and warrants (the "Warrants") convertible to common stock of Local.com.

2. In the Agreement, Local.com warranted that the issuance and sale of the Warrants pursuant to the Agreement "will not conflict with or result in a breach or violation of ... any statute, rule, regulation or order of any government agency or body or any court, domestic or foreign having jurisdiction over" Local.com.

3. On July 9, 2007 Local.com's Form S-3 registration statement, registering for resale the shares of Local.com issued in connection with the Agreement, was made effective by the Securities & Exchange Commission (the "Effective Date").

4. Pursuant to Section 7.9 of the Agreement, Local.com could not, without being in breach of contract with Hearst Communications, issue shares of its common stock or common stock equivalents for a period of 90 days after the Effective Date unless it received written permission from Hearst Communications.

5. After sales it made on July 25, 2007, Hearst Communications owned 302,087 outstanding common shares of Local.com and owned warrants for an additional 1,194,030 common shares of Local.com.

6. On or about July 25, 2007, without any prior knowledge, influence or request by Hearst Communications, Local.com approached Hearst Communications and requested that Hearst Communications waive certain of its contractual rights under Section 7.9 of the Agreement, and thereby allow Local.com to issue, without being in breach of contract with Hearst Communications, common stock and common stock equivalents during the time period described in Section 7.9 of the Agreement (the "Equity Transactions").

7. Local.com unilaterally offered to Hearst Communications, as consideration for Hearst Communications agreement to waive certain of its contractual rights under Section 7.9 of the Agreement, a reduction in the exercise price of the Warrants.

8. In order to accommodate Local.com, and to provide it flexibility to pursue possible Equity Transactions that would benefit Local.com, and its shareholders, but without any knowledge of any specific Equity Transactions contemplated by Local.com, Hearst Communications acquiesced in Local.com's request to waive certain of its rights under Section 7.9 of the Agreement and accepted Local.com's offer to compensate Hearst Communications for this waiver through the reduction of the exercise price of the Warrants.

9. On July 31, 2007, Hearst Communications and Local.com entered into a Consent for Equity Sales (the "Consent"). (See Exhibit B).

10. Pursuant to the Consent, Hearst Communications and Local.com agreed that: "Provided that [Local.com] files a Form 8-K disclosing the terms of this Consent no later than 5:00 p.m., New York time, on August 1, 2007, the Undersigned hereby waives (i) the application of Section 7.9 of the Agreement to the extent that such section would prohibit the Company from engaging in any Equity Transactions during the 90 day period following the Effective Date and (ii) its Right of First Refusal pursuant to Section 7.12 of the Agreement only with respect to any Equity Transaction that occurs during the 90 day period following the Effective Date."

11. Local.com agreed in the Consent to reduce the exercise price of the Warrants.

12. In the Consent, Local.com stated and agreed that Hearst Communications "has no knowledge of any specific transaction or financing plans that [Local.com] may be contemplating."

13. In the Consent, Local.com stated and agreed that "[e]xcept as modified or amended pursuant to this Consent, the Agreement and the Warrants shall remain in full force and effect."

14. On information and belief, after Local.com issued 2,356,900 shares of its common stock to institutional investors pursuant to a stock purchase agreement dated July 31, 2007, Local.com had 14,146,556 shares outstanding. (*See* Exhibit A).

15. On information and belief, on August 1, 2007, sometime after Local.com issued 2,356,900 shares of its common stock to institutional investors, Local.com filed a Form 8-K disclosing the Consent. (*See* Exhibit C).

16. Deborah Donoghue ("Plaintiff") has filed and served the FAC, alleging, *inter alia*, that Local.com's reduction of the exercise price of the Warrants pursuant to the Consent constituted a "deemed purchase" of the Warrants by Hearst Communications on August 1, 2007, and that coupled with Hearst Communications' sales of common stock of Local.com. between July 10 and July 25, 2007, this "deemed purchase" constituted a violation of Section 16(b) of the Securities Exchange Act, as amended, 15 U.S.C. Section 78p(b) (the "Act") by Hearst Communications.

17. The FAC alleges that, based on the alleged violation of the Act by Hearst Communications, Hearst Communications "realized profits" in an amount "estimated to exceed $3,750,000," and that Plaintiff is entitled to recover these "profits" on behalf of Local.com.

### FIRST CROSS-CLAIM
(Breach of Contract)

18. Hearst Communications repeats and realleges Paragraphs 1-17 of its cross-claims as if fully set forth herein.

19. On August 1, 2007, Local.com committed a material breach of the Consent by issuing 2,356,900 shares of its common stock to institutional investors before it filed a Form 8-K with the Securities & Exchange Commission disclosing the terms of the Consent.

20. As a result of cross-claim defendant Local.com's breach of contract, Hearst Communications has sustained damages in an amount to be determined at trial.

### SECOND CROSS-CLAIM
### (Breach of Warranty)

21. Hearst Communications repeats and realleges Paragraphs 1 - 17 of its cross-claims as if fully set forth herein.

22. Insofar as Local.com's reduction of the exercise price of the Warrants pursuant to the Consent constituted a violation of the Act or caused a violation of the Act, Local.com is in material breach of its warranty in the Agreement that the issuance or sale of the Warrants "will not conflict with or result in a breach or violation of … any statute, rule, regulation or order of any government agency or body or any court, domestic or foreign having jurisdiction over" Local.com.

23. As a result of cross-claim defendant Local.com's breach of warranty, Local.com has sustained damages in an amount to be determined at trial.

### THIRD CROSS-CLAIM
### (Unjust Enrichment)

24. Hearst Communications repeats and realleges Paragraphs 1 - 17 of its cross-claims as if fully set forth herein.

25. The reduction in the exercise price of the Warrants pursuant to the Consent occurred at the suggestion of Local.com, as compensation for Hearst Communications providing Local.com valuable consideration in the form of a waiver by Hearst Communications of certain rights it held under the Agreement.

26.  The waiver by Hearst Communications allowed Local.com to issue common stock and stock equivalents that provided considerable material benefits to Local.com in a market in which the price of Local.com's stock was declining on a daily basis.

27.  The benefit Local.com received by Hearst Communications granting the waiver pursuant to the Consent exceeded any cost to Local.com in reducing the exercise price of the Warrants.

28.  If Local.com were to recover any money from Hearst Communications as a result of the claims in the FAC, Local.com would be unjustly enriched at the expense of Hearst Communications by any such amount, and be unjustly enriched by retaining the benefit of the waiver provided by Hearst Communications pursuant to the Consent.

29.  The circumstances are such that equity and good conscience require Local.com to make full restitution to Hearst Communications of any amounts it receives as a result of this action, and any benefit it received and retains as a result of the waiver provided by Hearst Communications pursuant to the Consent.

## PRAYER FOR RELIEF

WHEREFORE, Hearst Communications demands judgment against Plaintiff and Cross-Claim-Defendant as follows:

1) Dismissing the FAC with prejudice and without costs;

2) Awarding Hearst Communications damages in an amount to be determined at trial;

3) Requiring Local.com to disgorge any amounts it receives as a result of this action to Hearst Communications, together with all benefits it received as a result of the waiver provided by Hearst Communications pursuant to the Consent;

4) Awarding Hearst Communications its attorneys' fees, costs and disbursements in connection with this action; and

5) Granting Hearst Communications such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 4, 2008

                      GREENBERG TRAURIG, LLP

                      By: /s/ Alan Mansfield
                            Alan Mansfield
                            William A. Wargo
                            200 Park Avenue, 39th Floor
                            New York, New York 10166
                            Phone: (212) 801-9200
                            Fax: (212) 801-6400
                            mansfielda@gtlaw.com
                            wargow@gtlaw.com

                            *Attorneys for Defendant/Cross-claimant-Plaintiff*
                            *Hearst Communications, Inc.*