UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
                                                                      )
DEBORAH DONOGHUE,                                                     )
                                                                      )
                          Plaintiff,                                  )   Case Number: 07 CIV. 8550 (LBS)
                                                                      )
              - against -                                             )
                                                                      )
LOCAL.COM CORPORATION and HEARST                                      )
COMMUNICATIONS, INC.,                                                 )
                                                                      )
                          Defendants.                                 )
                                                                      )
---------------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT HEARST COMMUNICATION INC.'S  MOTION
FOR JUDGMENT ON THE PLEADINGS**

Alan Mansfield (AM3266)
William A. Wargo (WW9417)
**GREENBERG TRAURIG, LLP**
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(21) 801-6400 (fax)
mansfielda@gtlaw.com
wargow@gtlaw.com

*Attorneys for Defendant
Hearst Communications, Inc.*

TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ...............................................................................................................1

ARGUMENT...............................................................................................................................................3

    A.    The Opposition Cannot Salvage The FAC On The Basis Of Unpleaded Speculation..................................................................................................................3

    B.    The Opposition Does Not Identify An Adequate Basis For Leave To Replead. .....................................................................................................................7

CONCLUSION............................................................................................................................................8

## TABLE OF AUTHORITIES

**Pages**

**Federal Cases**

*2 Broadway L.L.C. v. Credit Suisse First Boston Mortg. Capital L.L.C.,* No. 00
   Civ. 5773, 2001 WL 410074 (S.D.N.Y. Apr. 23, 2001)………………............................... 8

*Arista Records LLC v. Lime Group LLC,*
   No. 06 Civ. 5936, 2007 WL 4267190 (S.D.N.Y. Dec. 3, 2007).................................. 7

*AT&T Corp. v. Am. Cash Card Corp.,*
   184 F.R.D. 515 (S.D.N.Y. 1999) ........................................................................ 7

*Harris v. N.Y. State Dep't of Health,*
   202 F. Supp. 2d 143 (S.D.N.Y. 2002) ..................................................................... 4

*Orthodontic Centers of Ill., Inc., v. Michaels,*
   403 F. Supp. 2d 690 (N.D. Ill. 2005) ..................................................................... 3

Defendant Hearst Communications, Inc. ("Hearst Communications"), through its attorneys, submits this Reply Memorandum of Law in further support of its Motion for Judgment on the Pleadings (the "Motion"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In its moving papers, Hearst Communications demonstrated, based on the pleadings and documents incorporated by reference in those pleadings, that it owned less than ten percent of Local.com at the time of the alleged stock purchase transaction upon which Plaintiff bases her claims under Section 16 of the Securities Exchange Act of 1934. Accordingly, as any potential liability under Section 16 requires Hearst Communications to have been a more than ten percent owner at the time of alleged stock purchase, Plaintiff's FAC fails to state a claim, and should be dismissed.

Plaintiff's Opposition ("Opp.") effectively concedes many of the material legal and factual points established in Hearst Communications' moving papers, and does nothing to salvage the FAC. Specifically, Plaintiff:

- Concedes that the alleged stock purchase that forms the basis of Plaintiff's claims occurred at 4:32 P.M., Eastern Time, on August 1, 2007 (Opp. at 7) when Local.com filed a Form 8-K with the SEC;

- Does not dispute that for Hearst Communications to be liable under Section 16, it must have been a more than 10 percent owner of Local.com at 4:32 P.M., Eastern Time, on August 1, 2007 (Opp. at 2);

- Concedes that, in drafting the FAC, Plaintiff relied upon the August 1, 2007 Form 8-K of Local.com, and does not dispute that the Court, in ruling on Hearst

- Communications' motion, may properly consider the Form 8-K and all of the other documents referenced in the pleadings (Opp. at 6);

- Concedes that the Form 8-K relied upon by Plaintiff uses the past tense in stating that Local.com had "'*issued*'" 2,356,900 shares on August 1, 2007 (Opp. at 5) (emphasis added);

- Does not dispute that on August 1, 2007 (as demonstrated by Local.com's Form 10-Q, filed August 7, 2007)[1], after it issued the shares disclosed in the Form 8-K, Local.com had 14,146,556 outstanding shares; and

- Most critically, <u>does not dispute</u> that at the moment Local.com issued the 2,356,900 shares on August 1, 2007, Hearst Communications was no longer a more ten percent owner of Local.com, and thus at that moment no longer subject to the constraints of Section 16 (Opp. at 2).

Having conceded the majority of Hearst Communications' points, Plaintiff's Opposition hinges on a single piece of speculation — that Local.com may have made a false statement in the Form 8-K, and perhaps had not yet "issued" the 2,356,900 shares at the time it filed Form 8-K despite the express disclosure in the Form 8-K to the contrary. It is well established, however, that mere speculation in a lawyer's brief cannot defeat a motion for judgment on the pleadings based on pleaded allegations and cognizable documentary evidence. Plaintiff's counsel's musings about what might have happened are simply insufficient, as a matter of law, to defeat the express disclosure in the Form 8-K that the shares had "issued." Accordingly, the Court should grant Hearst Communications' motion and dismiss the First Amended Complaint with prejudice.

---

[1] Local.com's August 7, 2007 Form 10-Q is attached as Exhibit A to the Answer and Cross-Claims of Hearst Communications, which is Exhibit B to the Wargo Declaration submitted with the moving papers.

2

**ARGUMENT**

A.      **The Opposition Cannot Salvage The FAC On The Basis Of Unpleaded Speculation.**

Local.com's Form 8-K was a mandatory disclosure document. It constitutes a binding admission by a party to this case (indeed, as any money recovered by Plaintiff will go to Local.com, it was filed by the real party in interest in this action). *Orthodontic Centers of Ill., Inc., v. Michaels*, 403 F. Supp. 2d 690, 697 (N.D. Ill. 2005) (holding that Form 8-K is a required filing for the protection of investors and the public, and constitutes a binding admission by filing party). Further, as the Opposition freely admits, Local.com's Form 8-K and documents attached to it were relied upon by Plaintiff's counsel in drafting the FAC, and may be judicially noticed by the Court. (Opp. at 6). The disclosures in the Form 8-K and the attached documents provide the basis for Plaintiff's claim that Hearst Communications made a "deemed purchase" of shares Local.com when Local.com filed a Form 8-K in the late afternoon of August 1, 2007.

Having relied on the Form 8-K and the attached documents in crafting the FAC, Plaintiff's counsel, facing Hearst Communications' motion, which also relies on the Form 8-K, attempts to cast doubt on the accuracy of an express disclosure in the document that is fatal to Plaintiff's claims. The Opposition, however, does not identify any allegations, facts or documents that even suggest, let alone demonstrate, that the Form 8-K was incorrect in disclosing that Local.com had "'issued 2,356,900 shares of its common stock.'" (Opp. at 5). Critically, the Opposition does not dispute that if Local.com issued the 2,356,900 shares before it filed the Form 8-K, then Plaintiff has no claim under Section 16 against Hearst Communications. Thus, Plaintiff's entire theory depends on the Form 8-K being absolutely false in stating that the shares had "issued."

Nonetheless, the Opposition never goes so far as flatly to state that the disclosure in the Form 8-K that Local.com had "issued" the 2,356,900 shares is false, or that Plaintiff believes or

3

has any basis to believe that the Form 8-K is false.  Instead, the Opposition merely speculates that the Form 8-K *might* be incorrect.  In other words, the Opposition makes clear that Plaintiff and her counsel really have no idea whether the Form 8-K is false.  They merely hope that it might be.  A mere possibility that the Form 8-K is not accurate is insufficient to save Plaintiff's claims.

Plaintiff's counsel attempts to bolster his speculation about an inaccurate Form 8-K with an entirely imaginary sketch of a harried draftsman rushing to finish the Form 8-K minutes before the close of business.  (Opp. at 5).  This imagined draftsman, according to Plaintiff's counsel, may have in his or her haste chosen the wrong verb tense, and placed the issuance of the 2,356,900 shares in the past, when, perhaps, it had not yet occurred.  The Opposition contains no reference to any pleading or document that supports this tale.  Instead, it is clear from the face of the Opposition that this careless draftsman is nothing more than a mere hypothetical invented by Plaintiff's counsel.  Plaintiff has no basis for speculating that Local.com was anything less than careful and accurate in filing an important, mandatory disclosure document with the SEC (and, of course, filing an inaccurate Form 8-K can subject a company to significant legal penalties).

Counsel's speculation in the Opposition about an imaginary draftsman is not sufficient to defeat Hearst Communications' motion premised on pleaded allegations and documentary evidence.  Under well-established law, a plaintiff cannot defeat a motion to dismiss or a motion for judgment on the pleading "with conclusory allegations, unwarranted speculation or or unsupported deductions or legal arguments cast as factual pleadings."  *Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 175 (S.D.N.Y. 2002) (citing *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995)).  The imaginary careless draftsman in the Opposition is simply the product of unwarranted speculation, and cannot salvage Plaintiff's FAC.

In addition, the Opposition points to the conclusory allegation in the FAC that "at all times relevant to liability" Hearst Communications was a more than ten percent owner of Local.com. (Opp. at 4). In its initial brief, Hearst Communications cited a number of decisions establishing that conclusory allegations that are belied by documents incorporated by reference in the pleadings should be rejected by the Court in ruling on a motion to dismiss or a motion for judgment on the pleadings. (Initial Brief at 6) (citing cases). Plaintiff's Opposition does not distinguish, or even discuss, any of this case law. Here, the clear statement in the Form 8-K, incorporated by reference in the pleadings, that Local.com had "issued" 2,356,900 shares defeats the conclusory allegations of the FAC.

Finally, the Opposition discusses the agreement between Hearst Communications and Local.com concerning the repricing of Hearst Communications' stock warrants (the "Consent"), and a securities purchase agreement (the "Securities Purchase Agreement" or "SPA") between Local.com and various investors that led to the issuance of 2,356,900 Local.com shares disclosed in the Form 8-K. Nothing in these documents contradicts Local.com's express disclosure in the Form 8-K that it had "issued" the shares. Nor do these documents provide any substance to Plaintiff's counsel's speculation about a careless draftsman.

As the Opposition relates, on July 31, 2007, Local.com signed the Consent with Hearst Communications. Under this agreement (which is attached to the Form 8-K, and to Hearst Communications' Answer as Exhibit C), Hearst Communications consented to waiving certain contractual rights it possessed concerning Local.com's issuance of new shares.[2] This waiver was

---

[2] Under a stock purchase agreement between Local.com and Hearst Communications, dated February 22, 2007, Local.com could not, without being in breach of contract with Hearst Communications, issue shares of its stock or common stock equivalents during a certain time period. (*See* Answer and Cross-Claims of Hearst Communications, Inc., dated January 4, 2008, Cross-Claims ¶¶ 1-4).

5

subject to Local.com filing a Form 8-K no later than 5:00 p.m., New York time, on August 1, 2007, disclosing the terms of the waiver.  (Consent at 2).

Also on July 31, 2007, Local.com signed the Securities Purchase Agreement with a number of investors.  ( Exhibit B to Affirmation of David Lopez).  This document is also attached to Local.com's August 1, 2007 Form 8-K.  Pursuant to this agreement, Local.com agreed to issue 2,356,900 shares, and warrants for additional shares.  (SPA at 1).   The SPA states that the closing date of the agreement was the date of the signing of the agreement, or a later date if agreed to by the parties.  (SPA at 2).  Plaintiff makes no claim that the closing date of the SPA was later than July 31, 2008.  The SPA states that on the "Closing Date" the investors would pay the entire purchase price by wire transfer directly to Local.com (there is no provision for escrow of the funds) and Local.com would also deliver the share certificates for the 2,356,900 shares being issued and sold to the investors.  (SPA at 2) (emphasis added).

Hearst Communications does not rely upon the SPA in making its motion.  The Form 8-K is more than sufficient to establish that Hearst Communications was not a more than ten percent owner at the time of the alleged stock purchase.  However, the express provisions of the SPA regarding the timing of payment and the delivery of the shares suggests, if anything, that Local.com issued the 2,356,900 shares on July 31, 2007.  Certainly, the language in the SPA regarding timing does nothing to support Plaintiff's mere speculation that the Form 8-K is inaccurate or that Local.com waited until after the filing of the Form 8-K to issue the shares.

The disclosures in the Form 8-K demonstrate that, having agreed with Hearst Communications that the waiver of Hearst Communications' rights concerning Local.com's issuance of new shares was not effective until Local.com filed a Form 8-K disclosing the waiver, Local.com nonetheless issued shares before it filed the Form 8-K.  This violation of Local.com's

6

agreement with Hearst Communications, of course, is precisely why Hearst Communications has asserted breach of contract claim against Local.com in its Cross-Claims (a fact that the Opposition completely fails to mention).

Plaintiff does not, and cannot, identify any statute or regulation that prevented Local.com from issuing shares on August 1, 2007. Further, Plaintiff has not and cannot argue that the shares issued on August 1 were somehow "void" or did not count for purposes of Section 16. Instead, whether through design or carelessness (it is immaterial which), Local.com, as it has admitted in the Form 8-K, issued shares pursuant to the SPA before it filed the Form 8-K. This issuance breached Local.com's agreement with Hearst Communications, but the fact that the issuance constituted a breach of contract in no way demonstrates that the issuance did not occur.[3]

**B.     The Opposition Does Not Identify An Adequate Basis For Leave To Replead.**

Plaintiff's request for the leave to amend the FAC is procedurally improper. A request to amend the pleadings must be accompanied with the proposed amended pleading. *AT&T Corp. v. Am. Cash Card Corp.*, 184 F.R.D. 515, 521 (S.D.N.Y. 1999); *Arista Records LLC v. Lime Group LLC*, No. 06 Civ. 5936, 2007 WL 4267190, at *21 (S.D.N.Y. Dec. 3, 2007). Plaintiff, however, has not submitted a proposed amended pleading.

Further, the Opposition fails to identify any new factual allegations that Plaintiff could make that would support her counsel's speculation that perhaps the Form 8-K was mistaken. Instead, Plaintiff merely offers to plead more detail from the documents that are already before the Court — the Form 8-K and attached documents. As discussed, nothing in these documents supports the mere speculation that the Form 8-K is inaccurate. Because Plaintiff has failed to

---

[3] Local.com has not made any motion to dismiss the breach of contract claim, or any of Hearst Communications' other cross-claims. Nor has Local.com filed any response to Hearst Communications' motion for judgment on the pleadings.

identify new allegations that could salvage the FAC, the Court should deny leave to replead. *2 Broadway L.L.C. v. Credit Suisse First Boston Mortg. Capital L.L.C.,* No. 00 Civ. 5773, 2001 WL 410074, at *13 (S.D.N.Y. Apr. 23, 2001).

The Opposition also suggests that Plaintiff should be allowed discovery on the timing of the issuance of the shares by Local.com on August 1, 2007. (Opp. at 9). This request ignores the requirements of bringing a claim. Plaintiff must have a basis for her action before she gets discovery. Here, the Form 8-K discloses the timing of the issuance of the shares. Plaintiff has presented nothing that indicates she has any adequate basis for asserting that this disclosure was inaccurate.

## CONCLUSION

In view of the foregoing, this Court should enter judgment in favor of Hearst Communications based on the pleadings, pursuant to Rule 12(c), Fed. R. Civ. P.

Date:   March 10, 2008
        New York, New York

**GREENBERG TRAURIG, LLP**

By: _____/s/_____
    Alan Mansfield (AM 3266)
    William A. Wargo (WW 9417)
200 Park Avenue
New York, New York 10166
(212) 801-2100
(21) 801-6400 (fax)
mansfielda@gtlaw.com
wargow@gtlaw.com
*Attorneys for Defendant
Hearst Communications, Inc.*

8