# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

June 17, 2008

Hon. Leonard B. Sand
Judge, U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:  Donoghue vs. Local.com and Hearst Communications, Inc., 07 CV 8550 (LBS)**

Your Honor:

I am plaintiff's counsel and I address you with respect to the pending Motion to Dismiss brought by Hearst Communications, Inc.

The deposition which Your Honor allowed at the hearing of March 13, 2008, was taken on May 15, 2008. It established that paragraph 6 of Plaintiff's complaint is an accurate statement of fact:

> "6.    At all times relevant to liability hereunder HEARST COMMUNICATIONS INC. was an insider of LOCAL.COM CORPORATION, to wit: a beneficial owner of more-than-10% of the common stock of LOCAL.COM CORPORATION."

Your Honor will recall that the defense motion is predicated on a parsing of the verb tense used in a Form 8-K filed by LOCAL.COM on August 1, 2007, reporting a sale of shares of common stock that day which, if it preceded the effectiveness of warrant re-pricings, would have diluted HEARST COMMUNICATIONS INC. out of a 10% beneficial ownership of LOCAL.COM.'s issued and outstanding common stock, adjusted for shares issuable under warrants which Hearst owned. Your Honor granted plaintiffs request that common sense be brought to bear and that a short oral deposition be taken to establish the facts. Testimony was preceded, at defendant's request, by documentary discovery limited to the narrow issue raised by the motion.

The deposition testimony, supported by produced documents, established that:

>  1.   The issuance of dilutive shares was subject to contractual pre-conditions including the filing of a Form 8-K with the Securities & Exchange Commisson. *Norman Deposition, p. 4, l. 13 to p. 5, l.3.*

DAVID LOPEZ

2.  One of the conditions to share issuance, the filing of a Form 8-K with the Securities & Exchange Commission, was satisfied at 4:32 P.M. Eastern time as evidenced by a time stamped submission notification emitted by the Commission. *Norman Deposition, p.11, l. 14 to p. 12, l. 8; Pltfs. Ex. 6.*

3.  At 1:45 P.M. Pacific time, 4:45 P.M. Eastern time, SOME 13 MINUTES AFTER THE FORM 8-K HAD BEEN FILED, authorization was e-mailed from Local.com by one David Katzoff to the stock transfer agent for Local.com to issue the dilutive shares. *Norman Deposition, p. 9, l. 4 to p. 10, l. 18; Pltfs. Ex. 4.*

4.  At 2:44 P.M. Pacific time, 5:44 P.M. Eastern time, the transfer agent for Local.com e-mailed back copies of certificates which it had issued in response to that instruction. *Norman Deposition, p. 10, l. 19 to p. 11, l. 14; Pltfs. Ex. 5.*

5.  The witness was asked:

"Q,  Is there any doubt in your mind, from the documents in front of you and from your own recollection, that the 8-K posted or was accepted by the Securities & Exchange Commission before issuance instructions were given for the shares issued?

"A.  No.

"Q.  No doubt whatsoever?

"A.  No." *Norman Deposition, p. 12, l. 18 to p. 13., l. 7.*

5.  Prior to the dilutive share issuance the number of shares of Local.com common stock outstanding was either 11,784,656 or 11,789,656 (an insignificant difference for purposes of the case). *Norman Deposition, p. 15, l. 16 to p. 17, l.12. Pltfs. Ex. 8.*

6.  Applying the analysis appearing at Point II (b) of Hearst's main brief on the motion, Hearst was the beneficial owner of 1,496,117 shares of Local.com common stock at the moment the Form 8-K was filed. This ownership was by reason of its ownership of warrants to acquire 1,194,030 shares and the ownership of 302,087 shares outstanding. Adding the warrant shares to the total number of shares of Local.com common stock outstanding produces a denominator of 12,983,686. Hearst was thus the beneficial owner of 11.523% of the common stock of Local.com issued and outstanding.

DAVID LOPEZ

The witness raised an alternative rationale for treating Hearst as the beneficial owner of more than 10% of Local.com's common stock at the moment of the repricing of its warrants.

"Q. At the time that you signed it [the Hearst 'Consent To Equity Sales" which re-priced the Hearst warrants] what was your understanding of when the warrant repricing appearing at page 2, paragraph 3 would be effective?

"A. On July 31, 2007.

"Q. What was the basis of your understanding that was the case?

"A. Because that's the date of the document that wasn't the date it was executed.

"Q. To your mind, at the time that you signed it, was paragraph 3, the repricing of the warrant in any way affected by paragraph 2, the consent provision?

"A. No.

"Q. No, paragraph 3 does not -- is not modified by 2?

"A. (Non-verbal response.)

"Mr. Fried: You have to speak up. You can't just shake your head.

"A. No.

"Q. It was your understanding at the time that you signed that the warrant repricing contained in paragraph 3 was unconditional?

"A. It was conditioned on the consent being signed by both parties.

"Q. Was it conditional on the consent becoming effective, to your understanding?

"A. No. *Norman Deposition, p. 13, l.16 to p. 15, l.12; Pltfs. Ex. 7*

This is, of course, a matter of contract interpretation for the court, but on plaintiff's reading the witness' belief appears correct.

DAVID LOPEZ

The defense has asked for additional discovery, to which I have not objected, which has produced another round of documentary production. I have prodded the defense to complete whatever testimonial discovery it wants. So far, no progress.

I respectfully suggest it is time for proceedings related to the defense motion for dismissal to be brought to decision by the court. I ask for three things.

     1.     That, in order to avoid the difficulties, ambiguities and possible sources of error raised by *Friedl v City of New York,* 210 F.3rd 79 (2d Ciur. 2000); *Amaker v. Weiner,* 179 F.3rd 48 (2d Cir. 1999); *Church v. GMC,* 74 F.3rd 795 (7th Cir. 1996) and similar cases, explicit notice be given that Hearst's motion to dismiss under Rule 12(b)(6) be converted to a motion under Rule 56 for summary judgment. The motion is going to be decided on evidentiary material outside the pleadings and cannot be decided, as Hearst would like, by the wishful parsing of verb tenses in publicly filed materials.

     2.     That the limited discovery allowed by the court be brought to an end. I do not seek to block legitimate inquiry but I do ask for a date certain for a conclusion of the exercise. The weeks go by and this case is stalled by defense inaction.

     3.     That the hearing on this motion be reconvened so that the discovery conducted can be laid before the court and entered into the record. Supplementary briefing, if determined by the court to likely be useful, would be fine. Please give us a schedule.

Your Honor's consideration of these requests would be greatly appreciated.

                                      Very truly yours,

                                      David Lopez

DL/el
cc:     Alan Mansfield, Esq.
        William A. Wargo, Esq.
        Jonathan L. Fried, Esq.
        Daniel E. Donoghue, Esq.