§ 2.03                  SECTION 16 TREATISE                  100

holders of which are presently entitled to vote for the election of directors."[58] Historically, the staff has been unwilling to say that a security that is not a "voting security" as defined in Rule 12b-2 necessarily is a non-voting security for purposes of Section 13(d). The staff once took the position informally, however, that a class of security would be considered non-voting if its only voting rights consisted of one or more of the following: (i) the right to vote as a class on any charter amendment that would change the number of authorized shares, the par value thereof, or the powers, preferences, or rights thereof so as to adversely affect the holders of that class, (ii) the right to vote as a class on any merger or consolidation that would have the effect of such a charter amendment, (iii) the right to vote as a class on the creation of any class of equity security that would rank senior to or *pari passu* with that class, and (iv) the right to vote as a class for the election of directors as a result of dividend arrearages (until that right became operative as a result of dividend arrearages).[59] While this interpretive position is consistent with the purposes of both Section 13(d) and Section 16, it is uncertain whether the staff (or a court) would agree with it today.

### [i]    Size of Class

Section 13(d)(4) of the 1934 Act states that the determination of the number of securities of a registered class is to be based on the number of securities "outstanding." The number of securities outstanding, therefore, also is the denominator for the ten percent owner calculation.[60] The following principles govern the determination of the number of securities outstanding under Section 13(d).

---

[58] 17 C.F.R. § 240.12b-2.

[59] This position was taken in 1983 by the Office of Tender Offers in the SEC's Division of Corporation Finance and is set forth in a confirming letter from Cleary, Gottlieb, Steen & Hamilton to the Chief of the Office of Tender Offers dated October 17, 1983. A copy of the letter is on file with the authors.

[60] The fact that the SEC's reference to the Section 13(d) standards appears in the definition of "beneficial owner" does not mean that the SEC did not intend to incorporate all of the related Section 13(d) standards, such as those applicable to determining the size of the class outstanding. In proposing the definition of beneficial owner in Rule 16a-1(a)(1), the Commission said explicitly that "[a]ll aspects of the section 13(d) analysis . . . would be imported into the ten percent owner calculation." See Release No. 34-26333, § III.A.4.i (1988). As one court said, "[t]he intent of the SEC to define "ten percent" under Section 16 as it is defined under Section 13(d) could not be clearer." *C.R.A. Realty Corp. v. Enron Corp.*, 842 F. Supp. 88 (S.D.N.Y. 1994).