UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                                                                   )
DEBORAH DONOGHUE,                                                  )
                                                                   )
                                       Plaintiff,                  )    Case Number: 07 CIV. 8550 (LBS)
                                                                   )
               - against -                                         )
                                                                   )
LOCAL.COM CORPORATION and HEARST                                   )
COMMUNICATIONS, INC.,                                              )
                                                                   )
                                       Defendants.                 )
                                                                   )
----------------------------------------------------------------- X

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HEARST COMMUNICATION INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Alan Mansfield (AM3266)
William A. Wargo (WW9417)
**GREENBERG TRAURIG, LLP**
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(21) 801-6400 (fax)
mansfielda@gtlaw.com
wargow@gtlaw.com

*Attorneys for Defendant*
*Hearst Communications, Inc.*

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 2

    The Parties ........................................................................................................................ 2

    Hearst Communications' Alleged Sales Of Stock ............................................................ 2

    Hearst Communications' Stock Warrants And The "Consent To Equity Sales"
    Transaction ....................................................................................................................... 3

    August 1, 2007 — Local.com Issues Stock And Then Files The Form 8-K ..................... 3

ARGUMENT ........................................................................................................................ 4

POINT I      A RULE 12(c) MOTION SHOULD BE GRANTED WHERE THE
              DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. ...... 4

POINT II    HEARST COMMUNICATIONS WAS NOT A MORE THAN TEN PERCENT
              OWNER OF LOCAL .COM AT THE TIME OF THE ALLEGED DEEMED
              PURCHASE OF LOCAL.COM SHARES, AND THUS HAS NO LIABILITY
              UNDER SECTION 16(b) ......................................................................................... 6

      A.    Liability Under Section 16(b) Requires Hearst Communications To Have
            Been The Beneficial Owner Of More Than Ten Percent Of Local.com's
            Outstanding Shares At The Time Of the Alleged Deemed Purchase. .................... 6

      B.    Hearst Communications Was Not A More Than Ten Percent Owner At
            The Time Of The Alleged Deemed Purchase. ...................................................... 9

CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

**Pages**

**Federal Cases**

*Allaire Corp. v. Okumus,*
   2004 Wl 719178 (S.D.N.Y. March 31, 2004) ....................................................8

*Berg v. Empire Blue Cross and Blue Shield,*
   105 F. Supp. 2d 121 (E.D.N.Y. 2000) ....................................................5

*Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC,*
   2001 WL 410074 (S.D.N.Y. April 23, 2001)....................................................6

*Burns Int'l Security Servs. v. Int'l Union,*
   47 F.3d 14 (2d Cir. 1994)....................................................4

*Cortec Indus., Inc. v. Sum Holding L.P.,*
   949 F.2d 42 (2d Cir. 1991)....................................................5

*Cross v. 21st Century Holding Co.,*
   2001 WL 34808272 (S.D.N.Y. Aug. 6, 2001) ....................................................5

*Davis v. United States,*
   2004 WL 324880 (S.D.N.Y. Feb. 19, 2004) ....................................................5

*Oneida Indian Nation of NY v. City of Sherrill,*
   337 F.3d 139 (2d. Cir. 2003)....................................................5

*Patel v. Contemporary Classics of Beverly Hills,*
   259 F.3d 123 (2d Cir. 2001)....................................................5

*Quartararo v. Catterson,*
   917 F. Supp. 919 (E.D.N.Y. 1996)....................................................5

*Rapport v. Asia Elecs. Holding Co.,*
   88 F. Supp. 2d 179 (S.D.N.Y. 2000)....................................................6

*Rivera v. Heyman,*
   157 F.3d 101 (2d Cir. 1998)....................................................4

*Steed Finance LDC v. Laser Advisers, Inc.,*
   258 F. Supp. 2d 272 (S.D.N.Y. 2003)....................................................6

*Steel Partners II, L.P. v. Bell Industries, Inc.,*
   315 F.3d 120 (2d Cir. 2002)....................................................7

**Federal Statutes**

15 U.S.C. § 78p(a)(1)................................................................6

15 U.S.C. § 78p(b)................................................................7

**Federal Rules**

Fed. R. Civ. P., Rule 12(c)................................................*passim*

**Federal Regulations**

17 C.F.R. § 240.13(d) ................................................8,10

17 C.F.R. § 240.16a-4................................................7, 8

Defendant Hearst Communications, Inc. ("Hearst Communications"), through its

attorneys, submits this Memorandum of Law in support of its Motion for Judgment on the

Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff's First Amended Complaint ("FAC")[1] is based on the claim that Hearst

Communications violated Section 16(b), as amended, of the Securities Exchange Act of 1934

("Section 16(b)") by selling shares of Local.com Corporation ("Local.com") in July 2007, and

then conducting a "deemed purchase" of shares of Local.com on August 1, 2007.  Under Section

16(b), a person who owns more than ten percent of a publicly traded company is prohibited from

realizing any profits from so-called "short-swing" stock transactions — *i.e.*, buying and then

selling (or selling and then buying) shares of the company within a six month period.  To violate

the statute, however, a person must be a more than ten percent owner at the time of both the sale

and the purchase at issue.[2]

The pleadings (the FAC and Hearst Communications' Answer to the FAC) and the

exhibits to the pleadings, however, demonstrate that Hearst Communications was not a more

than ten percent-owner of Local.com at the time of the alleged "deemed purchase" of Local.com

stock on August 1, 2007.  As can be ascertained from the pleadings and attached exhibits, all of

which this Court can consider under Rule 12(c), Fed. R. Civ. P., at the time of the alleged

---

[1]     Attached as Exhibit A to the Declaration of William Wargo, dated February 11, 2008 ("Wargo Decl."). Hearst Communications' Answer to the FAC is attached as Exhibit B to the Wargo Decl., and defendant Local.com's Answer is attached as Exhibit C.

[2]     Section 16(b) applies to officers, directors and persons who are more than ten percent owners of publicly traded companies.  Unlike a more than ten percent owner, an officer or director need not be an officer or director at the time of both the sale and purchase of stock.  Thus, for example, an officer could violate Section 16(b) by buying stock of their company, resigning from the company, and then selling the stock within six months of having made the purchase.  Plaintiff does not (and cannot allege) that Hearst Communications is or was an officer and/or director of Local.com.  Instead, Plaintiff alleges only that at all relevant times Hearst Communications was a more then ten percent owner of Local.com.

purchase on August 1, 2007, Hearst Communications owned no more than 9.75 percent of Local.com. The fact, determinable from the face of the pleadings, that Hearst Communications was not a more than ten percent owner at the time of the alleged deemed purchase on August 1, 2007, defeats Plaintiff's claim that Hearst Communications violated Section 16(b), and requires judgment in Hearst Communications' favor dismissing the FAC, as a matter of law.[3]

## STATEMENT OF FACTS

This Statement of Facts is taken from the FAC, Hearst Communications' Answer to the FAC (the "Answer), and documents referenced and incorporated in the FAC and the Answer. Solely for purposes of this motion for judgment on the pleadings, Hearst Communications assumes the factual allegations (but not the bare legal conclusions or characterizations) of the FAC to be true.

**The Parties**

Defendant Local.com is Delaware corporation, with its principal place of business in Orange County, California. (FAC ¶ 2). Local.com's common stock is registered under Section 12(g) of the Securities Exchange Act of 1934, and is traded on the NASDAQ market. (*Id.* ¶ 4).

Plaintiff is a security owner of Local.com. (FAC ¶ 2).

Defendant Hearst Communications is also a security owner of Local.com. (FAC ¶ 6).

**Hearst Communications' Alleged Sales Of Stock**

Plaintiff alleges that Hearst Communications sold shares of common stock of Local.com on July 10, 12, 17, 24 and 25, 2007. (*Id.* ¶ 17). Plaintiff alleges that at the time of these sales,

---

[3]    Hearst Communications has other defenses to the claims in the FAC. Those defenses are not susceptible to a determination on a motion for judgment on the pleadings. However, the issue of whether Hearst Communications was a more than ten percent owner of Local.com for purposes of Section 16(b) liability can be determined from the face of the pleadings and the exhibits thereto.

2

Hearst Communications was the beneficial owner of more than ten percent of the common stock of Local.com. (*Id.* ¶ 6).

### Hearst Communications' Stock Warrants And The "Consent To Equity Sales" Transaction

Prior to August 1, 2007, Hearst Communications was the owner of a Series A Warrant of Local.com under whose terms 597,015 shares of Local.com common stock were issuable upon exercise at a price of $4.82 per share, and the owner of a Series B Warrant of Local.com under whose terms 597,015 shares of Local.com common stock were issuable upon exercise at a price of $5.63 per share. (*Id.* ¶ 12).

The FAC alleges that Local.com and Hearst Communications executed a "Consent to Equity Sales" (the "Consent"). (*Id.* ¶ 13) (Answer, Exh. B). The FAC further alleges that under the terms of the Consent, the exercise price of the Series A Warrant was to be reduced to $4.32 per share and the exercise price of the Series B Warrant was to be reduced to $5.13 per share, "all *conditional* on the filing by [Local.com] of a Form 8-K with the Securities & Exchange Commission no later than 5:00 P.M. on August 1, 2007." (FAC ¶ 13) (Answer, Exh. B) (emphasis added).

### August 1, 2007 — Local.com Issues Stock And Then Files The Form 8-K

In the Form 8-K referenced in the Complaint, in which Local.com disclosed the Consent, Local.com also stated that "[o]n August 1, 2007, Local.com Corporation (the 'Registrant') issued 2,356,900 shares of its common stock, par value $0.00001 per share, for an aggregate purchase price of $12,962,950 to institutional investors [none of whom was Hearst Communications] in a private placement transaction pursuant to a Securities Purchase Agreement, dated July 31, 2007." (*See* Form 8-K, filed by Local.com on August 1, 2007, attached as Exh. C to Answer). After it issued the 2,356,900 shares to investors on August 1, 2007, Local.com had 14,146,556

3

outstanding shares. (*See* Form 10-Q, filed by Local.com on August 7, 2007, attached as Exh. A

to Answer).

After issuing the 2,356,900 shares, Local.com submitted the Form 8-K with the Securities

& Exchange Commission, "accepted for filing at 4:32 Eastern Time making the benefits and

obligations of 'The Consent', including the re-pricing [of Hearst Communications'] warrants,

irrevocably binding at that time and on that date." (FAC ¶ 14).

Plaintiff alleges that, upon the filing of the Form 8-K by Local.com on August 1, 2007,

Hearst Communications made a "deemed purchase" of all the shares underlying its warrants for

Local.com at the then existing fair market price, an aggregate of 1,194,030 shares. (*Id.* ¶ 16). In

addition to the shares underlying its warrants, Hearst Communications owned 302,087 shares of

Local.com, giving it, for purposes of Section 16(b), ownership of less than 10 percent of the

outstanding shares of Local.com at the time of the filing of the Form 8-K on August 1, 2007.

(Answer ¶ 16).

## ARGUMENT

## POINT I

## A RULE 12(c) MOTION SHOULD BE GRANTED WHERE THE DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Provided the allegations of the FAC are accepted as true for purposes of this motion and

the facts viewed in the light most favorable to the nonmoving party, *see Rivera v. Heyman*, 157

F.3d 101, 103 (2d Cir. 1998), this motion should be granted if Hearst Communications "is

entitled to judgment as a matter of law." *See Burns Int'l Security Servs. v. Int'l Union*,

47 F.3d 14, 16 (2d Cir. 1994). Notwithstanding the inferences to which the nonmoving party is

entitled, the Court may grant this motion based on facts asserted in the FAC that undermine

Plaintiff's claims in light of applicable law, and should assign no weight to any unsupported

conclusions of law. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 125-26

(2d Cir. 2001) (comparing the standard for granting a Rule 12(c) motion with that for a Rule

12(b)(6) motion); *see also Oneida Indian Nation of NY v. City of Sherrill*, 337 F.3d 139 (2d.

Cir. 2003) (standard for Rule 12(c) motion based on the pleadings is identical to that used on

Rule 12(b)(6) motion).

For purposes of this motion, the Court may rely on the terms of the Consent and the Form

8-K referenced in the FAC. *Berg v. Empire Blue Cross and Blue Shield*, 105 F. Supp. 2d

121, 126 (E.D.N.Y. 2000); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.

1991) (holding that when plaintiff chooses not to attach to the complaint or incorporate by

reference a document upon which it relies, the defendant may produce the document when

attacking the complaint for failure to state a claim). Similarly, the Court may consider the

Local.com Form 10-Q attached to the Answer and the allegations of the Answer in ruling on this

motion. *See Davis v. United States*, 2004 WL 324880, at *4 (S.D.N.Y. Feb. 19, 2004) ("In

evaluating a Rule 12(c) motion for judgment, the court may consider not only the responsive

pleading, but may also take judicial notice of facts pursuant to Federal Rule of Evidence 201.")

(citations omitted); *Quartararo v. Catterson*, 917 F. Supp. 919, 930 (E.D.N.Y. 1996) ("In

contrast to a motion to dismiss, a motion for judgment on the pleadings requires a court to

consider not only the plaintiff's complaint, but also the defendant's answer is assessing the

plaintiff's articulation of his or her claim.").

On a motion for judgment on the pleadings or a motion to dismiss, "a court need not

accept conclusory allegations, and need not blind itself to facts contained in cognizable

documents." *Cross v. 21st Century Holding Co.*, 2001 WL 34808272, at *5 (S.D.N.Y. Aug. 6,

2001) (citations omitted). Thus, the Court may reject conclusory allegations that are belied by

5

documents incorporated by reference in the pleadings. *Steed Finance LDC v. Laser Advisers, Inc.*, 258 F. Supp. 2d 272, 284 n. 9 (S.D.N.Y. 2003) (dismissing negligence claim because "[a]ny allegation that [the defendants] did in fact have some responsibility for the investment and valuation of the funds asserted in the third-party complaint is entirely conclusory, unsupported by any facts, and belied by the various documents incorporated by reference. More is required, even on a motion to dismiss."); *2 Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC*, 2001 WL 410074, at *9 (S.D.N.Y. April 23, 2001) ("Plaintiffs' conclusory allegations to the contrary are contradicted by the documents attached to the Complaint, and therefore are insufficient to defeat the motion to dismiss."); *Rapport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (where "documents contradict Plaintiffs' allegations ... this Court must grant Defendants' motion to dismiss").

## POINT II

### HEARST COMMUNICATIONS WAS NOT A MORE THAN TEN PERCENT OWNER OF LOCAL .COM AT THE TIME OF THE ALLEGED DEEMED PURCHASE OF LOCAL.COM SHARES, AND THUS HAS NO LIABILITY UNDER SECTION 16(b).

**A.    Liability Under Section 16(b) Requires Hearst Communications To Have Been The Beneficial Owner Of More Than Ten Percent Of Local.com's Outstanding Shares At The Time Of the Alleged Deemed Purchase.**

Section 16 is designed to prevent corporate insiders of publicly traded companies from making unfair use of confidential information to profit from trading in the corporations' securities. Section 16 applies to officers and directors of any issuer of a class of equity security that is registered under Section 12 of the 1934 Securities Exchange Act (1934 Act), and to any beneficial owner of more than ten percent of a Section 12-registered class of equity security. 15 U.S.C. § 78p(a)(1). Local.com has only one class of equity security consisting of common stock. (Answer, Exh. A).

6

Section 16(b) provides that any profit made by an insider from a "short-swing transaction" (*i.e.*, any purchase and sale, or sale and purchase, of any equity security of an issuer within the period of less than six months) is recoverable by the issuer or a security holder of the company. 15 U.S.C. § 78p(b); *Steel Partners II, L.P. v. Bell Industries, Inc.*, 315 F.3d 120, 123 (2d Cir. 2002).

A more than ten percent holder (who is not also an officer and/or director of the company at issue) can be held liable under Section 16(b) only for transactions occurring during the period that the person is a more than ten percent holder (the rule is different for officers and directors). Section 16(b) expressly excludes from liability "any transaction where such beneficial owner was not such *both at the time of the purchase and sale, or the sale and purchase ....*" 15 U.S.C. § 78p(b) (emphasis added). In other words, to be liable under Section 16(b), the insider (assuming they are not also an officer and/or director) must own more than ten percent of the company at both the time of the purchase and sale (or sale and purchase). *Id.*

To calculate the percentage of ownership of a person for purposes of Section 16(b), the number of shares beneficially owned by the person is divided by the number of all securities of the same class that are actually issued and outstanding. Romeo & Dye, *Section 16 Treatise And Reporting Guide*, (2d ed. 2004), p. 101.[4] Shares held by the company itself (*e.g.*, treasury shares) are not considered outstanding. *Id.* To illustrate, assume a company has 1,000 actually outstanding and issued shares. A person owns 110 shares of that company. For purposes of Section 16(b), the person owns 11 percent of the company (110/1,000 = .11).

Section 16 also encompasses certain derivative security instruments, including options, warrants, convertible securities, and similar instruments. 17 C.F.R. § 240.16a-4; Romeo & Dye,

---

[4]    For the convenience of the Court, the relevant section of Romeo & Dye's authoritative treatise is attached as Exhibit D to the Wargo Decl.

p. 89, 101. If a person holds a derivative instrument, such as a warrant, that allows them to acquire the security underlying the derivative instrument, then the person has beneficial ownership of the underlying security for purposes of Section 16(b). 17 C.F.R. §§ 240.13d-3(d), 240.16a-4.

Where derivative instruments are involved, the denominator of the ownership percentage calculation depends on whether the derivative instrument is for securities that are currently outstanding (*i.e.*, owned by someone other than the issuer), or whether the securities may be acquired directly from the issuing company upon exercise of the warrant. If the derivative instrument allows the holder to acquire shares directly from the issuer, such as Hearst Communications' warrants for Local.com stock, then the shares underlying the derivative instrument must be treated as if they are already issued and outstanding, even though they have not yet been issued. 17 C.F.R. § 240.13d-3(d) ("Any securities not outstanding which are subject to such options, warrants, rights or conversion privileges shall be deemed to be outstanding for the purpose of computing the percentage of outstanding securities of the class owned by such person ...."); Romeo & Dye, p. 101. For example, a person owns 100 shares of a company, and has a warrant to purchase 10 shares directly from that company. Currently, the company has 1,000 issued and outstanding shares. For purposes of Section 16(b), the relevant denominator is therefore 1,010 — the 1,000 issued and outstanding shares plus the 10 shares the company would issue if the person exercised the warrant.

For Section 16(b) purposes, buying and selling derivative instruments is equivalent to buying and selling the securities underlying the instruments. 17 C.F.R. §240.16a-4; *see also Allaire Corp. v. Okumus*, 2004 WL 719178, at *3 (S.D.N.Y. March 31, 2004) (noting that acquisition or disposition of a derivative security is subject to Section 16(b)).

In this action, Hearst Communications is alleged to have held warrants to purchase stock from Local.com. (FAC ¶ 12). Plaintiff further alleges that on August 1, 2007, upon the filing of an 8-K by Local.com, the exercise price of those warrants was reduced by Local.com. (FAC ¶¶ 14, 16). According to Plaintiff, this repricing of the warrants effective upon the filing of the 8-K should be considered a "deemed purchase" of stock of Local.com subject to Section 16(b). *Id.* For purposes of this motion only, Hearst Communications will not dispute Plaintiff's characterization of the repricing of the warrants on August 1, 2007, upon the filing of the 8-K, as a "purchase" subject to Section 16(b).

**B.      Hearst Communications Was Not A More Than Ten Percent Owner At The Time Of The Alleged Deemed Purchase.**

The pleadings, and the exhibits incorporated by reference in those pleadings, demonstrate that at the time of the alleged deemed purchase on August 1, 2007, Hearst Communications was not a more than ten percent owner of Local.com common stock. Accordingly, because Hearst Communications was not a more than ten percent owner at the times of both the alleged sales and the alleged purchase, Hearst Communications did not violate Section 16, as a matter of law.

On August 1, 2007, Local.com filed a Form 8-K, referenced in the FAC, asserting that it had (using the past tense) issued 2,356,900 shares to institutional investors. (FAC ¶ 14; Answer, Exh. C) ("On August 1, 2007, Local.com Corporation (the 'Registrant') issued 2,356,900 shares of its common stock ...."). This issuance on August 1, 2007, disclosed by the Form 8-K, gave Local.com at least 14,146,556 outstanding issued shares at the time it filed the Form 8-K. (Answer, Exh. A).

In the same Form 8-K in which Local.com disclosed that is had issued 2,356,9000 shares to investors, Local.com also disclosed the Consent to Equity Sales between Local.com and Hearst Communications. (Answer, Exh. C). According to the FAC, once Local.com filed the

9

Form 8-K disclosing the Consent to Equity Sales, Hearst Communications made a "deemed purchase" of all the shares underlying its warrants. (FAC ¶ 16). At the time of the filing of the Form 8-K and the alleged "deemed purchase", Hearst Communications had warrants exercisable for 1,194,030 shares, and owned another 302,087 shares of Local.com for a total number, for Section 16(b) purposes, of 1,496,117 shares of Local.com. (FAC ¶ 16; Answer ¶ 16).

As discussed above, for purposes of calculating Hearst Communications' percentage of ownership for Section 16(b) purposes, the number of shares beneficially owned by Hearst Communications (1,496,117) is divided by sum of the number of issued shares and the number of shares that Hearst Communications could acquire directly from the issuer by the exercise of a derivative instrument, here the warrants (14,146,556 outstanding shares at the time of the filing of the Form 8-K + 1,194,030 shares that Local.com would issue upon the exercise of the warrants held by Hearst Communications). 17 C.F.R. §240.13d(3)(d); Romeo & Dye, p. 101. Thus, the numerator of the calculation to determine Hearst Communications' share of ownership for Section 16 purposes is at the time of the filing of Form 8-K on August 1, 2007 and the alleged deemed purchase is 1,496,117, and the denominator is 15,340,586.

$$\frac{1,496,117}{15,340,586} = .0975$$

Accordingly, at the time of alleged deemed repricing on August 1, 2007, Hearst Communications was not a more than ten percent owner of Local.com's stock. In fact, for purpose of Section 16, Hearst Communications was at most a 9.75 percent beneficial owner of Local.com on August 1, 2007 at the time of the alleged deemed repricing.

Because at the time it occurred Hearst Communications was not a more than ten percent beneficial owner of Local.com, the alleged repricing of the warrants could not constitute a

violation of Section 16(b).  Therefore, Hearst Communications is entitled to judgment in its favor

dismissing the FAC.

## CONCLUSION

In view of the foregoing, this Court should enter judgment in favor of Hearst

Communications based on the pleadings, pursuant to Rule 12(c), Fed. R. Civ. P.

Date:  February 11, 2008
     New York, New York

        **GREENBERG TRAURIG, LLP**

        By:_____/s/_____
          Alan Mansfield (AM 3266)
          William A. Wargo (WW 9417)
        200 Park Avenue
        New York, New York 10166
        (212) 801-2100
        (21) 801-6400 (fax)
        mansfielda@gtlaw.com
        wargow@gtlaw.com

        *Attorneys for Defendant*
        *Hearst Communications, Inc.*