David Lopez, Esq.
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
**Phone:**    631.287.5520
**Fax:**    631.283.4735
**E-Mail:**    DavidLopezEsq@aol.com
Attorney for Plaintiff

Daniel E. Doherty, Esq.
7300 W. 110th Street, Suite 925
Overland Park, Kansas 66210
**Phone:**    913.338.7182
**Fax:**    913.338.7164
**E-Mail:**    ded-law@ddoherty.net
Attorney for Plaintiff   (*Pro Hac Vice* pending)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**DEBORAH DONOGHUE,**

                **Plaintiff,**    07 Civil 8550 (L.B.S.)

   - against -

**LOCAL.COM CORPORATION and**
**HEARST COMMUNICATIONS, INC.,**

                **Defendants.**
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO MOTION OF HEARST COMMUNICATIONS, INC.**
**<u>FOR JUDGMENT ON THE PLEADINGS</u>**

## OVERVIEW

This is a motion brought by Hearst Communications, Inc. ("Hearst") to have the court determine, at the case's outset and without discovery, the philosophical conundrum of whether the chicken came before the egg or the egg before the chicken. Put more precisely the court is asked to rule that an issuance of shares which would inflate the number of outstanding shares of Local.com Corporation (Local.com) by an amount sufficient to render Hearst a less-than-10% beneficial owner of Local.com's common stock took place prior to the effectiveness of Hearst's Consent, a consent and waiver that was a pre-condition to that issuance. For there to be liability under Section 16(b) of the Securities Exchange Act, 15 U.S.C. 78p(b), Hearst would need to have been a more-than-10% beneficial owner both at the times of purchases and of sales, and if the issuance preceded Hearst's Consent, Hearst would be free of liability.

The court is asked to make a factual determination on a motion for dismissal on the pleadings under Rule 12(c), F.R.C.P. and that alone is sufficient to defeat the motion.

## STATEMENT OF FACTS

Plaintiff accepts the accuracy of the Statement of Facts appearing in Hearst's brief on the motion excepting only the inferences and characterizations appearing at page 3 under the sub-caption "August 1, 2007 -- Local.com Issues Stock And *Then* [emphasis added] Files The Form 8-K". By stating as fact that the issuance of shares, for which Hearst's consent was a pre-condition, took place prior to the effectiveness of that consent and that the filing of the Form 8-K reporting the event took place after the issuance Hearst is conjuring critical facts from thin air. Hearst's contentions are contrary to the

2

pleaded facts, contrary to any fair reading of the documents relied upon by plaintiff's counsel in preparing the First Amended Complaint (and thereby properly before the court) and, although of little bearing on the outcome of this motion, contrary to the actual chronology of events as plaintiff's counsel has confirmed and as discovery will demonstrate.

## DECISIONAL STANDARD

A motion under Rule 12(c) for judgment on the pleadings is essentially identical to a motion to dismiss brought under Rule 12(b)(6) with the exception that it is brought after the pleadings have closed rather than in lieu of an answer. *See: Oneida Indian Nation v. City of Sherrill*, 337 F.3d 139, 170-171 (2d Cir. 2003); *Coca-Cola Bottling Co. of N.Y. v. Local Union 1035*, 973 F. Supp. 270, 272 n.2 (D. Conn. 1997). 2 Moore's Fed. Practice, Sec. 12.38 (Matthew Bender 3rd Ed.).

In making its determination of whether the pleadings state a claim upon which relief may be granted the court may consider only the facts alleged in the pleadings, the documents attached to the pleading as exhibits or incorporated by reference and matters of which the court may take judicial notice. Foremost among the latter are public records upon which the plaintiff's counsel relied in drafting the complaint. *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.), *cert. denied,* 506 U.S. 821 (1992); and cases cited by Hearst at page 5 of its brief.

All well-pleaded facts are to be taken as true and all allegations are to be viewed in the light most favorable to the non-moving party. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). Dismissal may only be granted if the court determines that it clearly appears that the plaintiff would be unable to prove any set of facts which would entitle

3

her to recovery. *Illinois ex rel. Madigan v. Telemarketing Assocs.*, 538 U.S. 600, 618 (2003) (discussing state motion to dismiss under state rule of civil procedure similar to federal rule).

If the establishment of a defense requires a factual review the action should not be dismissed for failure to state a claim. *Young v. Selsky,* 41 F.3d 47, 54 (2d Cir. 1994), *cert. denied*, 514 U.S. 1102 (1995).

**HEARST'S MORE-THAN-10% BENEFICIAL OWNERSHIP
OF LOCAL.COM'S COMMON STOCK AT THE TIME
OF THE RE-GRANT OF ITS WARRANTS IS WELL PLEADED
AND FULLY SUPPORTED BY THE EXHIBITS TO
THE FORM 8-K ON WHICH HEARST RELIES**

**The First Amended Complaint**

Plaintiff pleads, at paragraph 6 of her First Amended Complaint:

"6. At all times relevant to liability hereunder HEARST COMMUNICATIONS, INC. was an insider of LOCAL.COM CORPORATION, to wit: a beneficial owner of more-than-10% of the common stock of LOCAL.COM CORPORA-TION."

It is a simple and unambiguous declaratory sentence asserting as fact a necessary element of a claim under the short-swing trading statute, that fact being insider status subjecting Hearst to the reach of the statute.

Hearst contends, beginning at page 9 of its brief, that

"the pleadings, and the exhibits incorporated by reference in those pleadings, demonstrate that at the time of the alleged deemed purchase on August 1, 2007, Hearst Communications was not a more than ten percent owner of Local.com common stock."

**Local.com's Form 8-K**

In sole support of this contention Hearst points to the Form 8-K filed by Local.com on August 1, 2007, and seizes on the grammatical tense used in that form to infer that Local.com's issuance of shares pursuant to the Consent took place prior to the effectiveness of the very Consent which made the issuance possible. The past tense is employed, not the present.

> "Item 1.01 Entry Into a Material Definitive Agreement.
>
> On August 1, 2007, Local.com Corporation (the "Registrant") issued 2,356,900 shares of its common stock, par value $0.00001 per share, for an aggregate purchase price of $12,962,950 to institutional investors in a private placement transaction pursuant to a Securities Purchase Agreement, dated as of July 31, 2007 (the "Securities Purchase Agreement").

That is all that supports this motion, a draftsman's use of a retrospective description in a document filed minutes before the close of business for an event that by the opening of business the following morning would have been completed. Ignored by Hearst is the fact that on the same page of the Form 8-K (page 4 of 7) the following text appears:

> "On July 31, 2007, the Registrant entered into Consent to Equity Sales agreements with the Investors [Hearst and an unrelated entity] whereby the Investors waived the application of Section 7.9 of the Convertible Note Agreement which prohibits the Registrant from selling securities under certain circumstances and the Strategic Investor waived their Right of First Refusal pursuant to Section 7.12 of the Convertible Note Agreement with respect to any equity transaction during the 90 day period following July 9, 2007. In addition, the Registrant agreed to amend the warrants issued to the Investors so that the exercise price of the Series A Warrant is decreased to $4.32 per share and the exercise price of the Series B Warrant is decreased to $5.13 per share.

The Form 8-K, on its face, thus places entry into the Consent on July 31, 2007, and the issuance of shares on August 1, 2007, a sequence that defeats Hearst's motion. But as

5

plaintiff is about to demonstrate, facial appearances cannot be relied upon either by Hearst or by the plaintiff where the underlying documents tell a more nuanced story.

The Form 8-K had attached to it as exhibits copies of both the Consent To Equity Sales granted by Hearst to Local.com (Exhibit A to affirmation of David Lopez) and the Securities Purchase Agreement under which Local.com made its private-placement sale of shares to the institutional investors (Exhibit B to Affirmation of David Lopez). Both documents were relied upon by plaintiff's counsel in drafting the First Amended Complaint (affirmation of David Lopez), are public records and may be judicially noticed by the court. The complete text of the Form 8-K and all exhibits may be accessed at www.sec.gov under entry date of August 1, 2007. The Securities Purchase Agreement, vital to the outcome of the motion, has not been laid before the court as part of Hearst's abbreviated Form 8-K submission.

**<u>The Consent To Equity Sales</u>**

The Consent To Equity Sales was required by Local.com to issue new shares because under the terms of its original financing from Hearst it had been contractually agreed that should Hearst make public sales of a portion of its holdings in Local.com pursuant to a registration with the Securities & Exchange Commission no other issuance of shares could be made by Local.com for a period of 90 days from the effective date of that registration. Presumably market stabilization was the objective. All this is recited on the first page of the Consent.

The First Amended Complaint, at paragraph 17, pleads that Hearst did, in fact, make sales of large numbers of shares of Local.com on the open market between July 10

and July 25, 2007. Those sales were pursuant to a registration statement which became effective on July 9, 2007, and an enumeration of sales appears as Exhibit A to the First Amended Complaint.

Local.com, desiring and needing additional financing, requested that Hearst waive its contractual power to prevent the issuance of additional shares for 90 days from July 9. Hearst agreed to the waiver for a *quid pro quo* -- the re-grant of its warrants at substantially lower exercise prices. This, too, is recited on the first page of the Consent and alluded to at paragraphs 13 and 14 of the First Amended Complaint.

The waiver, however, is expressly subject to a condition precedent:

> "2. CONSENT. Provided that the Company [Local.com] files a Form 8-K disclosing the terms of this Consent no later than 5:00 p.m., New York time on August 1, 2007, the Undersigned hereby waives (i) the application of Section 7.9 of the Agreement to the extent that such section would prohibit the Company from engaging in any equity Transactions during the 90 day period following the Effective Date and (ii) its Right of First Refusal pusuant to Section 7.12 of the Agreement only with respect to any Equity transaction that occurs during the 90 day period following the Effective Date."

This nuance is not reflected in the Form 8-K description of the obtaining of the Consent quoted above.

It is pleaded at paragraph 14 of the First Amended Complaint that the Form 8-K was in fact filed at 4:32 P.M., Eastern Time, on August 1, 2007, and that at such time the Consent became irrevocable making effective Hearst's waiver agreed to at paragraph 2.

Prior to that precise moment -- 4:32 P.M. Eastern Time on August 1, 2007 -- Local.com could not validly issue any additional shares.

7

**The Securities Purchase Agreement**

The inability of Local.com to make share issuances prior to Hearst's consent is reflected in the Securities Purchase Agreement (Exhibit B to Affirmation of David Lopez).

At paragraph 1 of the Purchase Agreement it is agreed that:

> "Subject to the satisfaction (or waiver) of the conditions set forth in Section ... 7 below, the Company shall issue and sell to each Buyer ...."

Compliance with Section 7 was a pre-condition to the issuance of shares under the Purchase Agreement. And what does Section 7 require of Local.com?

> "(x) The Company shall have obtained all ... third party consents and approvals, if any, necessary for the sale of the Common Shares and the Warrants."

Hearst's Consent would need to be effective for the issuance to go forward and all the contracting parties knew it and agreed to it.

Additionally, subparagraph (ix) of Section 7 makes it a condition of the issuance that:

> "(ix) The representations and warranties of the Company shall be true and correct as of the date when made and as of the Closing Date as though made at that time ... and the Company shall have performed, satisfied and complied in all respects with the covenants, agreements and conditions required by the Transaction Documents to be performed, satisfied or complied with by the Company *at or prior* [emphasis added] to the Closing Date."

Among the representations and warranties of the Company that would need to be complied with "at or prior to he Closing Date" are those appearing at Section 3:

> "(b) ... The execution and delivery of the Transaction Documents by the Company and the consummation by the Company of the transaction contemplated hereby and thereby, including without limitation, the issuance of the Common Shares and the Warrants and the reservation for issuance and the issuance of the Warrant Shares issuable upon exercise of the Warrant have been duly authorized

by the Company's Board of Directors and *no further consent or authorization* [emphasis added] is required by the Company, its Board of Directors or its shareholders."

Repeatedly, the Securities Purchase Agreement requires and pre-supposes that it will be effective and binding and that shares will be issued only after the Hearst Consent is in hand and effective.

**A Tenuous Inference Of Putative Fact**

This motion rests entirely on the tenuous inference and implausible conclusion that the use of the past tense in the Form 8-K to describe the issuance of shares on August 1, 2007, is sufficient to conclude that the issuance took place prior to the effectiveness of a Consent which the same Form 8-K describes, however inexactly, as having been obtained prior to the issuance. On a most generous reading, all that has been raised by the motion is an issue of fact which will be easily resolved through the simplest of documentary and testimonial discovery. Surely the issuance instructions for nearly thirteen million dollars of common stock were in writing; surely the transfer agent has a notation of the time of their receipt and of the time of action upon them; surely a human agent was the source of those instructions and has a recollection of the conditions precedent that were met before he acted.

Only if the court determines in light of plaintiff's submissions that it clearly appears that she would be unable to prove any set of facts which would entitle her to recovery may the motion be granted. *Illinois ex rel. Madigan v. Telemarketing Assocs.*, Id.

**Conditional Request For Leave To Replead**

Should the court disagree with plaintiff's views on the adequacy of her First Amended Complaint plaintiff requests leave to replead to set out in detail and at length in a Second Amended Complaint essentially all the supporting factual averments drawn from documents consulted in the drafting of the First Amended Complaint that have been advanced in this brief.

## CONCLUSION

Hearst's Motion To Dismiss On The Pleadings raises, at best, an issue of fact based on the most tenuous reading of the tense used in a secondary document's description of what primary documents contradict.  The Second Amended Complaint squarely pleads insider status by Hearst at the times of purchase and sale.  Resolution of the issue is a matter for discovery.  The motion should be denied.  Should the motion be granted it should be with leave to re-plead.


Dated: Southampton, New York
       February 28, 2008

                                        Respectfully submitted,

                                               /s/
                                        David Lopez, Esq.
                                        171 Edge of Woods Road
                                        P.O. Box 323
                                        Southampton, New York 11969-0323
                                        Tel:    631.287.5520
                                        Fax:   631.283.4735
                                        e-Mail: DavidLopezEsq@aol.com

Of Counsel:
Daniel E. Doherty, Esq.
(*pro hac vice* pending)