David Lopez, Esq.
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
**Phone:**     631.287.5520
**Fax:**       631.283.4735
**E-Mail:**    DavidLopezEsq@aol.com
Attorney for Plaintiff

Daniel E. Doherty, Esq.
7300 W. 110th Street, Suite 925
Overland Park, Kansas 66210
**Phone:**     913.338.7182
**Fax:**       913.338.7164
**E-Mail:**    ded-law@ddoherty.net
Attorney for Plaintiff  *Pro Hac Vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE,

            Plaintiff,        07 Civil 8550 (L.B.S.)

- against -

LOCAL.COM CORPORATION and
HEARST COMMUNICATIONS, INC.,

            Defendants.

_____/

**PLAINTIFF'S LOCAL CIVIL RULE 56.1 COUNTERSTATEMENT
IN OPPOSITION TO HEARST COMMUNICATIONS, INC.'S
MOTION FOR SUMMARY JUDGMENT AND LOCAL CIVIL RULE 56.1
STATEMENT IN SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 56.1 of the Southern District of New York Plaintiff submits the following counterstatement of undisputed material facts in opposition to the Motion for Summary Judgment brought by Hearst Communications, Inc. and in support of Plaintiff's Cross-Motion for Partial Summary Judgment.

**Plaintiff's Responses To Hearst's Local Civil Rule 56.1 Averments**

1. Agreed.
2. Agreed.
3. Agreed.
4. Agreed.
5. Agreed.
6. Agreed.
7. Not Agreed. The third-party investors had an affirmative obligation to await fulfillment of all terms of the Stock Purchase Agreement including the filing by Local.com of a Form 8-K so as to make the Consent of Hearst operative. (*Share Purchase Agreement, Sec. 7(ix) (Exhibit D to Wargo Declaration); Norman Deposition, p. 68, ls. 8-18; p. 74, ls. 21-25 (Exhibit T to Lopez Declaration).*
8. Agreed as to number of warrants. This statement requires clarification in that warrants in the stated numbers were cancelled and replaced with re-priced warrants in equal numbers on August 1, 2007. *Consent to Equity Sales Date July 31, 2007 (Exhibit H to Wargo Declaration).*
9. Not Agreed. At the start of the day on August 1, 2007, Local.com had either 11,784,656 or 11,789,656 shares outstanding. At the close of the day, by reason of

the issuance of an additional 2,356,900 shares, Local.com had outstanding either 14,141,556 or 14,146,556 shares. The 5,000 share discrepancy in numbers both at the beginning and at the end of the day is immaterial to the case. The issuance of additional shares took place no earlier than 4:32 P.M. Eastern time. *Norman Deposition, Exhibit T to Lopez Declaration, pp. 1-18; p. 40, ls. 20 to 24.*

10. Not agreed as to number of shares outstanding at the end of the day. See response to par. 9 *supra*.

11. Not agreed. At the beginning of the day and until at least 4:32 P.M. Eastern time Hearst was a more-than-ten percent beneficial owner of Local.com. At some time shortly after 4:32 P.M. Hearst ceased to be a more-than-10% beneficial owner. *Norman Deposition, Exhibit T to Lopez Declaration, pp. 1-18.*

**Plaintiff's Additional Facts**

12. The issuance of dilutive shares was subject to contractual pre-conditions including the filing of a Form 8-K with the Securities & Exchange Commission. *Norman Deposition, Exhibit T to Lopez Declaration, p. 4, l. 13 to p. 5, l. 3.*

13. One of the conditions precedent to share issuance, the filing of a Form 8-K with the Securities & Exchange Commission, was satisfied at 4:32 P.M. Eastern time as evidenced by a time stamped "Submission Notification" emitted by the Securities & Exchange Commission. *Norman Deposition, Exhibit T to Lopez Declaration, p. 11, l. 14 to p. 12, l. 8; Pltfs Ex. 6 on the Deposition, Exhibit U to Lopez Declaration.*

14. At 4:32 P.M. Eastern time the shares had not been issued. *Norman Deposition, Exhibit T, p. 40, l. 20 to l. 24.*

15.    At 1:45 P.M. Pacific time, 4:45 Eastern time, SOME 13 MINUTES AFTER THE FORM 8-K HAD BEEN FILED, authorization was e-mailed from Local.com by one David Katzoff to the stock transfer agent for Local.com to issue the dilutive shares. *Norman Deposition, Exhibit T to Lopez Declaration, p. 9, l. 4 to p.10, l. 18: Pltfs Ex. 4 on the Deposition, Exhibit V to Lopez Declaration.*

16.    At 2:44 P.M. Pacific time, 5:44 Eastern time, the transfer agent for Local.com e-mailed back copies of certificates which it had issued in response to that instruction. *Norman Deposition, Exhibit T to Lopez Declaration, p. 10, l. 19 to p. 11, l. 14; Pltfs. Ex. 5 on the Deposition, Exhibit W to Lopez Declaration.*

17.    No physical delivery of shares took place prior to 2:44 Pacific time, 5:44 Eastern time. *Norman Deposition, Exhibit T, p. 80, l. 12 to p. 81, l. 17.*

18.    The witness was asked:

"Q.    Is there any doubt in your mind, from the documentation in front of you and from your own recollection, that the 8-K posted or was accepted by the Securities & Exchange Commission before issuance instructions were given for the shares issued"

"A.    No.

"Q.    No doubt whatsoever?

"A.    No." *Norman Deposition, Exhibit T to Lopez Declaration, p. 12, l. 18 to p. 13, l. 7.*

19.    Adding the 1,194,030 warrants owned by Hearst to the total number of shares of Local.com outstanding immediately prior to 4:32 P.M. Eastern time produces a deemed number of shares outstanding or a denominator for the pupose of determining the

number of Local.com shares outstanding under Section 16(b) of 12,983,686 (within 5,000 shares: see: Paragraph 9 *supra*). Hearst at the time was the beneficial owner of 1,496,117 shares making it the beneficial owner of 11.523%, more or less, of Local.com shares outstanding immediately prior to the dilutive issuance. *Arithmetic Computation From Other Undisputed Facts.*

Dated: Southampton, New York
      July 30, 2008

                                        /s/ David Lopez
                                        David Lopez, Esq.
                                        Attorney for Plaintiff

Dated: Overland Park, Kansas
      July 30, 2008

                                        /s/ Daniel E. Doherty
                                        Daniel E. Doherty, Esq.
                                        Attorney for Plaintiff *Pro Hac Vice*