UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
    )
DEBORAH DONOGHUE,    )
    )
    Plaintiff,    )  Case Number: 07 CIV. 8550 (LBS)
    )
  - against -    )
    )
LOCAL.COM CORPORATION and HEARST    )
COMMUNICATIONS, INC.,    )
    )
    Defendants.    )
    )
------------------------------------------------------------x

## REPLY IN SUPPORT OF DEFENDANT HEARST COMMUNICATION INC.'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDGMENT

Alan Mansfield
William A. Wargo
Candace Camarata
**GREENBERG TRAURIG, LLP**
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(21) 801-6400 (fax)
mansfielda@gtlaw.com
wargow@gtlaw.com
camaratac@gtlaw.com

*Attorneys for Defendant
Hearst Communications, Inc.*

## **TABLE OF CONTENTS**

                                                                               **Page**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

POINT I       PLAINTIFF FAILS TO ESTABLISH A MATERIAL ISSUE OF FACT AS TO WHETHER HEARST OWNED LESS THAN TEN PERCENT OF THE OUTSTANDING SHARES OF LOCAL.COM AT THE TIME OF THE ALLEGED "DEEMED PURCHASE" ................................................................. 3

POINT II      EVEN UNDER PLAINTIFF'S ANALYSIS, HEARST IS NOT LIABLE AS PLAINTIFF CLAIMS THAT THE THIRD-PARTY INVESTORS BECAME LOCAL.COM SHAREHOLDERS SIMULTANEOUSLY WITH THE ALLEGED DEEMED PURCHASE ........................................................... 5

POINT III    PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ................................................................................................. 8

CONCLUSION ............................................................................................................................... 9

**PRELIMINARY STATEMENT**

In its moving papers, Hearst demonstrated that, because third-party investors had purchased 2,356,900 shares of Local.com earlier in the day, Hearst did not own more than ten percent of the Local.com's outstanding shares at the time of its alleged deemed purchase — 4:32 P.M. on August 1, 2007 — upon which Plaintiff premises her claims under Section 16(b). Because the alleged deemed purchase could only violate Section 16(b) if it occurred at the time Hearst owned more than ten percent of Local.com's outstanding shares, Plaintiff cannot satisfy an essential element of her claims. Plaintiff's Opposition ("Pl. Opp.") fails to raise an issue of material fact precluding summary judgment dismissing the FAC. To the contrary, Plaintiff makes a number of significant concessions that demonstrate why summary judgment should be granted. Specifically, Plaintiff

- Stands by the FAC, and maintains that Hearst violated Section 16(b) when it made a "deemed purchase" of shares of Local.com at 4:32 P.M. Eastern Time ("ET") on August 1, 2007 (Pl. Opp. at 10-11);

- Admits that the Board of Directors of Local.com approved a stock purchase agreement ("SPA") with third-party investors on July 31, 2007 (Plaintiff's Rule 56.1 Counterstatement ("Pl. Rule 56.1") at 2);

- Does not contest Hearst's legal analysis establishing that (1) liability under Section 16(b) is predicated on ownership of *outstanding* shares of a company; (2) that an outstanding share is a share of a company owned by someone other than the company itself; and (3) formal, ministerial tasks, such as delivery of share certificates, are not required for ownership of a share;

- Admits that Hearst did not own more than ten percent of Local.com's outstanding shares once the third-party investors purchased shares from Local.com (Pl. Rule 56.1 at 2-3);

- Concedes that the purchase of Local.com shares by third-party investors occurred *on* August 1, 2007 (*Id.*); and

- Admits that Local.com had accepted payment for the shares from the third-party investors *before* 4:32 P.M. (Pl. Rule 56.1 at 2).

Based on these admissions, summary judgment should be granted. As Local.com's Chief Financial Officer ("CFO") testified, once the third-party investors wired the purchase money to Local.com and Local.com accepted the payment, there was nothing further for the third-party investors to do: they had performed all their obligations under the SPA. (Norman Dep. 64:18-23, attached as Exh. C to Wargo Decl.).

In response, Plaintiff fails to address the testimony of Local.com's CFO, and instead invents an obligation for the third-party investors — an obligation to wait for Local.com to provide some ministerial documents under the SPA. No such obligation for the third-party investors appears in the SPA.

Moreover, even under Plaintiff's analysis, Local.com had completed all its material obligations at 4:32 P.M on August 1, 2007, with the filing of the Form 8-K. Thus, at the latest, the third-party investors purchased the shares simultaneously with Hearst's alleged deemed purchase. If the sale to the third-party investors occurred simultaneously with Hearst's purchase, then Hearst's purchase was not "at the time" it owned more than ten percent of Local.com's shares, and thus it is not liable for the purchase under Section 16(b).

Accordingly, summary judgment should be granted, and the FAC dismissed.

## **ARGUMENT**

### POINT I

### PLAINTIFF FAILS TO ESTABLISH A MATERIAL ISSUE OF FACT AS TO WHETHER HEARST OWNED LESS THAN TEN PERCENT OF THE OUTSTANDING SHARES OF LOCAL.COM AT THE TIME OF THE ALLEGED "DEEMED PURCHASE"

In its moving papers, Hearst established that at 4:32 P.M. on August 1, 2007, it owned less than ten percent of the outstanding shares of Local.com. Therefore, summary judgment should be granted and Plaintiff's FAC dismissed, as Plaintiff's theory of liability under Section 16(b) requires Hearst to own more than ten percent of the outstanding shares of the Local.com at 4:32 P.M. on August 1, 2007. Hearst's showing had legal and factual components.

Hearst demonstrated that it could only be liable for sales and purchases it made under Section 16(b) while it was a more than ten percent owner of Local.com. The determination of ten percentage ownership status for purposes of Section 16(b) is based on the number of "outstanding" shares of the issuer. The number of "outstanding" shares of a company are the number of shares owned by persons and entities other than the company itself. Ownership of a share does not depend on possession of a share certificate or other formalities. (Hearst Memorandum of Law In Support of Summary Judgment ("Hearst Mem.") at 12-15). Plaintiff does not dispute this legal analysis. Thus, the parties are not in dispute as to the critical legal issues, and the only basis for Plaintiff's Opposition to the motion for summary judgment is Plaintiff's different characterization of undisputed facts.

Hearst demonstrated that on August 1, 2007, third-party investors purchased 2,356,900 shares from Local.com. At the moment the third-party investors purchased those shares, Hearst no longer owned more than ten percent of the outstanding shares of Local.com. Hearst demonstrated that the third-party investors had paid in full, and Local.com had accepted

3

payment, for the 2,356,900 shares before 4:32 P.M. on August 1, 2007. Plaintiff admits these facts. (Pl. Rule 56.1 at 2-3).

Further, based on the testimony of Local.com's CFO, Hearst established that the third-party investors, once they had made payment, had completed all their obligations under the SPA. (Norman Dep. 64-18-23); (SPA at 22-23); (Exhs. C & D to Wargo Decl.) Thus, the third-party investors owned the 2,356,900 shares before 4:32 P.M. on August 1, 2007.

Plaintiff attempts to dispute this last fact. Notably, however, Plaintiff completely ignores the admission of Local.com's CFO that the third-party investors had, with their payment to Local.com, completed all their obligations under the SPA. Instead, Plaintiff argues, contrary to Local.com's admission, that even after having made payment, the third-party investors had an additional obligation that was not fulfilled until after 4:32 P.M on August 1, 2007. According to Plaintiff, the third-party investors had to wait for compliance by Local.com of its material obligations under SPA before they became owners of the shares. (Pl. Opp. at 9).

However, the affirmative obligations of the third-party investors are listed in the SPA, and "waiting" for Local.com to perform its contractual obligations is not listed as an obligation of the third-party investors. (See SPA at 21-22; Exh D to Wargo Decl.). Thus, Local.com's CFO was correct when he testified that the third-party investors had performed all their obligations when they paid for the shares. Moreover, plaintiff's allegation that Local.com had not performed all its obligations under the contract cannot defeat the third-party investors' ownership rights in the stock. The case law is uniform that a party that has paid for shares owns those shares even though the issuing party has *never* performed various contractual formalities, including never delivering share certificates or never entering the transaction on its corporate books. (Hearst Mem. of Law at 14-16) (citing cases).

4

Thus, Plaintiff's reference to the filing of the Form 8-K, and all other ministerial steps that Local.com was supposed to take leading to issuance of the shares, is not relevant. The third-party investors' ownership of the shares is established by the execution of the SPA, the payment of the agreed upon consideration, and their performance of all their other obligations under the SPA. As all these events took place before 4:32 P.M. ET on August 1, 2007, Hearst no longer owned more than ten percent of the outstanding shares of Local.com at the time of the alleged deemed purchase.

## POINT II

### EVEN UNDER PLAINTIFF'S ANALYSIS, HEARST IS NOT LIABLE AS PLAINTIFF CLAIMS THAT THE THIRD-PARTY INVESTORS BECAME LOCAL.COM SHAREHOLDERS SIMULTANEOUSLY WITH THE ALLEGED DEEMED PURCHASE

Plaintiff posits that the filing of the Form 8-K was the last material precondition for the vesting of the third party's contractual rights to the shares: "[p]rior to the filing of the Form 8-K and the effectiveness of Hearst's Consent, the institutional buyers had no contractual rights to be treated as shareholders." (Pl. Opp. at 9). However, even if the third-party investors did not become shareholders until the filing of the Form 8-K, as Plaintiff incorrectly claims, Hearst is not liable under Section 16(b). Under Plaintiff's theory, the Form 8-K filing at 4:32 P.M. on August 1, 2007 accomplished two relevant things: (1) it made the third-party investors shareholders; and (2) it triggered Hearst's deemed purchase of Local.com stock. Thus, even based on Plaintiff's manifestly incorrect allegations and arguments, the deemed purchase occurred *simultaneously* with the third-party investors' purchase of the 2,356,900 shares.

Liability under Section 16(b) requires Hearst to be a more than ten percent owner of Local.com's outstanding shares "at the time" of the alleged deemed purchase. Assuming Plaintiff's factual classification is correct, the third-party investors purchased the 2,356,900

shares at 4:32 P.M. on August 1, 2007. Because of this purchase — the timing of which occurred without Hearst's knowledge and control — Hearst no longer owned ten percent of Local.com's outstanding shares "at the time" of the alleged deemed purchase. Thus, Plaintiff's Opposition fails to establish a material issue of fact precluding summary judgment.

Although Plaintiff expressly states that the third-party investors became shareholders of Local.com upon the filing of the Form 8-K, Plaintiff, perhaps hedging her bets, also refers to two other events that occurred after 4:32 P.M., thereby creating some ambiguity as to when Plaintiff is actually claiming the third-party investors became Local.com shareholders. Neither of these other events that Plaintiff refers to, however, are material to the third-party investors' ownership of Local.com shares.

Specifically, Local.com notes (in all capitals and underlined text) that 13 minutes after it filed the Form 8-K, Local.com emailed its stock transfer agent authorizing the agent "to issue the dilutive shares." (Pl. Opp. at 5). The email that Plaintiff refers to, however, did not refer to the "issuance" of shares. Instead, the email merely confirmed that Local.com had received payment for the shares and instructed the transfer agent to deliver the share certificates to the third-party investors. (Exh. L to Wargo Decl.) ("We have received payment for the common shares referenced in our issuance letter dated August 1, 2007. You may release the certificates."). As explained above, the mere delivery of share certificates does not determine ownership. Share certificates, as Plaintiff concedes (Pl. Opp. at 8), are mere indicia of ownership, they are not the shares themselves.[1]

---

[1] Further, Plaintiff does not dispute that Hearst did not receive new warrants for Local.com stock until after August 1, 2007. Plaintiff never explains why Hearst should be deemed to have purchased new warrants *before* it received copies of the warrants, but the third-party investors should not be deemed to have purchased Local.com shares until they received share certificates.

Moreover, there is no reasonable basis for Plaintiff's claim that Section 16(b) liability can turn on a mere thirteen minute time difference between two transactions. As Plaintiff notes, some district courts have held that events that occur on the same day are not simultaneous events under Section 16(b). No court, however, has ever held that the "at the time" requirement of Section 16(b) literally means at the very second the transaction occurred.

Further, here the thirteen minute gap between the filing of the Form 8-K and the instruction to release the share certificates was without Hearst's knowledge and without Hearst's control. In her Opposition brief, Plaintiff takes an unreasonably narrow view of the so-called *Kern County* defense to Section 16(b) (named after the United States Supreme Court's decision in *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582 (1973)) under which "borderline" or "unorthodox" transactions that do not pose the possibility of speculative abuse, are not subject to Section 16(b). Plaintiff claims that only "involuntary" transactions can be covered by a *Kern County* defense. However, even under this narrow construction of the defense, Hearst did not violate Section 16(b) as it had no control over the timing of the filing of the Form 8-K and Local.com's communications with its transfer agent. Nor did Hearst have any control over the timing of Local.com's transaction with the third-party investors. Thus, the thirteen minute "gap" did not pose any possibility for speculative abuse, and cannot serve as basis for liability under Section 16(b).[2]

Plaintiff also mentions, in passing, that Local.com, in addition to filing the Form 8-K, had an obligation to inform the third-party investors that it had made the regulatory filing. (Pl. Opp.

---

[2] Hearst's *Kern County* defense to Plaintiff's claims is not before the Court, as it rests on facts that are not presented or addressed in either Hearst's or Plaintiff's papers. Hearst's reference to *Kern County* in the context of this motion is made to demonstrate the point that under Supreme Court precedent Section 16(b) should be construed only to reach conduct that raises the possibility of speculative abuse. Thus, in considering whether Hearst owned more than ten percent holder "at the time" of the alleged deemed purchase, the Court should consider whether time periods of a few minutes posed any danger of speculative abuse.

7

at 9). However, this condition is merely ministerial and cannot be considered material as to whether the third-party investors owned the shares (no more than if Local.com never provided the third-party investors with a current certificate of incorporation, another requirement of the SPA). If, Local.com never actually provided formal notice to the third-party investors of the filing of the Form 8-K (which in any event is a matter of public record), no one could seriously contest that the third-party investor having paid, and Local.com having accepted, nearly $13 million were not owners of the shares.

Accordingly, the Court should grant Hearst's motion for summary judgment and dismiss the FAC.

### POINT III

### PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

Plaintiff has brought a cross-motion for summary judgment on Hearst's breach of contract cross-claim against Local.com. The Court should deny this cross-motion for at least three reasons. First, Hearst's motion for summary judgment was brought pursuant to a order of the Court. This order had no provision allowing any other motion other than Hearst's motion for summary judgment. Thus, Plaintiff's motion is procedurally improper. Second, Hearst's claim for breach of contact is against Local.com, *not* Plaintiff. Thus, Plaintiff has no standing to bring a motion for summary judgment on Hearst's claim against Local.com. Third, and finally, Plaintiff claims that summary judgment should be granted because the undisputed facts supposedly demonstrate that Local.com filed the Form 8-K before it sold the shares to the third-party investors. As Hearst has demonstrated in its moving papers, and in this reply, Local.com filed the Form 8-K only after the third-party investors had purchased the 2,356,900 shares.

## CONCLUSION

In view of the foregoing, and for the reasons stated in its moving papers, this Court should grant summary judgment in favor of Hearst and dismiss the FAC, pursuant to Rule 56, Fed. R. Civ. P.

Date:   August 11, 2008
        New York, New York

                                      **GREENBERG TRAURIG, LLP**

                                      By:   /s/ William Wargo
                                             Alan Mansfield
                                             William A. Wargo
                                             Candace Camarata
                                             200 Park Avenue
                                             New York, New York 10166
                                             212) 801-2100
                                             (21) 801-6400 (fax)
                                             mansfielda@gtlaw.com
                                             wargow@gtlaw.com
                                             camaratac@gtlaw.com

*Attorneys for Defendant*
*Hearst Communications, Inc.*