UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
)
DEBORAH DONOGHUE, )
)
Plaintiff, ) Case Number: 07 CIV. 8550 (LBS)
)
- against - ) **DEFENDANT HEARST**
) **COMMUNICATION INC.'S**
LOCAL.COM CORPORATION and HEARST ) **REPLY TO PLAINTIFF'S**
COMMUNICATIONS, INC., ) **STATEMENT OF ADDITIONAL**
) **FACTS IN OPPOSITION TO**
Defendants. ) **SUMMARY JUDGMENT**
)
)
)
---------------------------------------------------------------x

    Pursuant to Civil Local Rule 56.1 of the Southern District of New York and Rule 56 of the Federal Rules of Civil Procedure, Defendant Hearst Communications, Inc. ("Hearst") submits the following response to Plaintiff's statement of additional facts.

    12.    Disputed. Once Local.com received notification of payment by the third-party investors, the third party investors had completed all their affirmative obligations under the SPA required to purchase the 2,356,900 shares of Local.com common stock. (Norman Dep. 64-18-23); (SPA at 22-23); (Exhs. C & D to Declaration of William Wargo, dated July 16, 2008 ("Wargo Decl.")).

    13.    Agreed that Local.com filed a Form 8-K at 4:32 Eastern Time on August 1, 2008. Disputed that Form 8-K was material to third-party investors' purchase of Local.com stock. (Norman Dep. 64-18-23); (SPA at 22-23); (Exhs. C & D to Wargo Decl.).

14.  Disputed. The third-party investors had purchased Local.com stock prior to 4:32 P.M. Eastern Time on August 1, 2007. (Norman Dep. 64-18-23); (SPA at 22-23); (Exhs. C & D to Wargo Decl.).

15.  Disputed. The email that Plaintiff refers to did not refer to the "issuance" of shares. Instead, the email merely confirmed that Local.com had received payment for the shares and instructed the transfer agent to deliver the share certificates to the third-party investors. (Exh. L to Wargo Decl.) ("We have received payment for the common shares referenced in our issuance letter dated August 1, 2007. You may release the certificates.").

16.  Disputed. See Response to Additional Fact No. 15.

17.  Undisputed but not material. The mere delivery of share certificates does not determine ownership. Share certificates, as Plaintiff concedes, are mere indicia of ownership, they are not the shares themselves.

18.  Undisputed that the Mr. Norman made the statement set forth in Additional Fact No. 18. However, not material for the reasons set forth in the Response to Additional Fact No. 12.

19.  Disputed. Hearst was not the owner of more than ten percent of the outstanding shares of Local.com immediately prior to 4:32 P.M. Eastern Time on August 1, 2007. (Exhibits C, G, H, J, O and P to Wargo Decl.).

Date: August 11, 2008
New York, New York

                        **GREENBERG TRAURIG, LLP**

                        By: /s/ William Wargo
                            Alan Mansfield
                            William A. Wargo
                            Candace Camarata
                            200 Park Avenue
                            New York, New York 10166
                            212) 801-2100
                            (21) 801-6400 (fax)
                            mansfielda@gtlaw.com
                            wargow@gtlaw.com
                            camaratac@gtlaw.com

                        *Attorneys for Defendant*
                        *Hearst Communications, Inc.*